

**FILED**

AUG 2 9 2012

THOMAS G. BRUTON
CLERK, U.S DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

### No.: 1: 10-CV-08188

| | | |
|---|---|---|
| **CRISTA E. NOEL** | ) | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| Plaintiff | ) | |
| v. | ) | No.   1:10-cv-08188 |
| **CITY OF WESTCHESTER, a Municipal Corporation, BRUNO COLTRI** | ) | The Honorable **Judge JAMES B. ZAGEL** |
| Defendants | ) | Jury Demand |

## AMENDED COMPLAINT

NOW COME the Plaintiff, Crista Noel, by and through herself as attorney, and complaining of the Defendants, City of Westchester and Bruno Coltri state as follows:

## INTRODUCTION

This is an action brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution and under Illinois State Law. Specifically, the Defendant, Bruno Coltri violated the rights of Crista Noel, by violently battering and abusing her without any justification. Furthermore, the Defendant, Bruno Coltri, while acting under the color of authority violated rights of Plaintiff, Crista Noel by committing a hate crime against her, racially profiling, falsely arresting and imprisoning her, and maliciously prosecuting her to cover his use of excessive force. And that Defendant, City of Westchester, violated the rights of Crista Noel

because the battering that Crista Noel suffered at the hands of Bruno Coltri, was the direct and proximate result of pervasive and unconstitutional custom, practice, and, or lack of policy, and supervision of the City of Westchester in the failing to investigate, discipline, reliably maintain, and otherwise hold accountable its police officers, employees and equipment, engendering the firm understanding among Westchester Police Staff, including Bruno Coltri, that they may commit crimes against and violate the rights of citizens of Greater Chicago and the State of Illinois with impunity, and without fear of official consequence.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the action pursuant to the Constitution of the United States of America; United States Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331; 28 U.S.C. 1343; and 28 U.S.C. 1367. Venue is proper in this District under 28 U.S.C. 1391, as all or most of the parties reside in this Judicial District, and the events giving rise to the claims asserted herein occurred in this Judicial District.

## BACKGROUND

3.      The Plaintiff, Crista Noel, is a resident of this Judicial District. On, and before January 1, 2009, she was employed as a manager of AT&T, 2000 W. AT&T Drive, Hoffman Estates, Illinois.

4.      The Defendant, City of Westchester (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

5. The Defendant, Bruno Coltri, (hereinafter "COLTRI"), at all relevant times, was a sworn Westchester Police Officer residing in this Judicial District, who possessed the authority under law to carry out the police powers invested in him by the Defendant, CITY, and the State of Illinois, including the power to arrest.

### Uncontroverted Truth

*The following documents testimony in agreement from independent witnesses, gathered from trial transcripts, documents and pictures presented as evidence to the court.*

### RACIAL PROFILING

6. On January 1, 2009, Ms. Pamela Tolbert was stopped for speeding east on 22nd street a few feet from Belleview Avenue, in Westchester Illinois, by Officer (Ofc) Russell Newton.

7. Ofc Newton initiates the stop by pulling Ms. Tolbert over, exiting his vehicle and receiving Ms. Tolbert's license and insurance.

8. Ofc Newton returns to his squad car, calls for backup before Ms. Noel arrives, and begins issuing Ms. Tolbert a ticket.

9. While Ofc Newton is in his vehicle completing the ticket, Ms. Crista Noel arrives on the scene at approximately 2.24pm.

10. Ofc Newton time stamps the ticket at 2.25pm.

11. Ms. Noel pulls over to the right and stands her car in front of Ms. Tolbert's car and out of traffic. Queued; the three vehicles are over to the right and out of traffic.

12.     A call connects between the two cell phones of Ms. Noel and Ms. Tolbert. As the three are sitting in their cars, COLTRI arrives as back up to Ofc Newton for Pamela Tolbert's stop. COLTRI speaks to Ofc. Newton.

13.     Ofc Newton and COLTRI are in full police uniform, including bullet-proof vests, weapons (guns, Taser, etc.), radios and are in marked squad cars.

14.     COLTRI's squad car is equipped with video but there is no video evidence.

## ILLEGAL SEIZURE

15.     After completing his conversation with Ofc Newton, COLTRI moves his vehicle, passing Ms. Tolbert's car, up to Ms. Noel's car to speak with her.

16.     COLTRI's vehicle is stopped and sitting in the traffic lane on the driver's side of Ms. Noel's vehicle.

17.     COLTRI and Ms. Noel ask if they can be of assistance to each other. During the conversation between them, COLTRI advises Ms. Noel that he will give her a parking ticket if she does not move her car and directs her to park her car around the corner.

18.     Ms. Noel submits to COLTRI's authority, and makes a right off Cermak, around the corner and pulls into an empty, business strip mall, parking lot.

19.     COLTRI pursues Ms. Noel around the corner and blocks her vehicle from returning to the street by standing his vehicle on the apron of the entrance/exit of the parking lot.

20.     COLTRI does not turn on his lights to notify Ms. Noel he is initiating a stop.

21.     While he sits in his vehicle on the apron, effectively blocking Ms. Noel's vehicle in the lot, he enters Ms. Noel's license plates information into the leads system.

22.     COLTRI's car is estimated as sitting at least 20 to 30 feet from Ms. Noel's car.

23.     Ms. Noel wants to make a 3-point turn out of the lot back onto the street, but submits to COLTRI's authority, and as he sits in his car waiting for information from the leads system, Ms. Noel exits her idling vehicle, and elevates her voice so that he can hear her, and asks him if he is writing her a ticket. She does not use foul language.

24.     COLTRI is unresponsive. Ms. Noel, with her i-Phone in hand and still connected to Ms. Tolbert's line, walks towards COLTRI's car.

25.     COLTRI recognizes the cell phone as Ms. Noel walks forward.

26.     Neither Ms. Tolbert nor Ofc Newton hears any commotion coming from the lot. Ofc Newton and Ms. Tolbert continue to complete their tasks in reference to her speeding ticket.

### THE BATTERING AND ABUSE OF MS. NOEL – HATE CRIME

27.     In response to Ms. Noel walking towards his squad car asking him questions, COLTRI exits his squad car and walks around the back of the vehicle towards Ms. Noel, and without stopping or any verbal command, initiates injurious contact and immediately tries to take Ms. Noel into custody.

28.     After COLTRI makes contact with Ms. Noel, she retreats. A scuffle ensues. Ms. Tolbert and Ofc Newton witness wrestling, tussling, and struggling, neither sees hitting, striking, punching, kicking, or slapping.

29.     COLTRI uses injurious force and Ms. Noel lands on the hood of his vehicle.

30.     COLTRI holds Ms. Noel's hands behind her back with one hand, as she lies on the hood of his squad car.

## FALSE ARREST

31.     COLTRI calls for back up. Ms.Tolbert and Ofc Newton, with his Taser unholstered and in his hand, arrived on the scene at 2.28pm, a minute (rounded) after the cell phone call between Ms. Noel and Ms. Tolbert disconnects at 2.26 and 54 seconds.

32.     Ofc Newton secures the scene. Ofc Newton goes over to COLTRI. Ofc Newton does not deploy his taser.

33.     Ms. Noel is handcuffed and taken to the station.

## MALICIOUS PROSECUTION

34.     At 3.15pm, Westchester EMT Matthew Martin arrives at the Westchester police station to treat Ms. Noel's injuries. He is called to the scene for a patient with headaches.

35.     Ms. Noel's injuries include; bodily harm evidenced by; swelling on her head; and a venous protrusion on her left temple; scratches to her left temple and eyelid, where her glasses were smashed to her face; a sprained shoulder; handcuff injuries to her wrists; and a large hematoma on her left thigh.

36.     COLTRI advanced towards Ms. Noel from the left and did not stop or retreat. All of Ms. Noel's injuries on are on her left side, except the handcuff injuries to her right hand.

37.     The EMT report written by Mr. Martin documents that Ms. Noel said she was attacked.

## **FALSE IMPRISONMENT**

38.     COLTRI signs the felony charge, his first statement under oath of facts and events, testifying that he did not tell Ms. Noel she was under arrest.

39.     Sergeant LaManna takes COLTRI's statement for the arrest of Ms. Noel. COLTRI tells Sergeant LaManna that Ms. Noel did not chest bump him. COLTRI signs a felony charge that states Ms. Noel did chest bump him.

40.     COLTRI signs an affidavit, under oath, to charge Ms. Noel with a felony-Aggravated Battery A, (requiring permanent injury), and misdemeanor resisting arrest.

41.     After State's review, Ms. Noel's felony charge is dropped Aggravated Battery C. Officer Newton and Ms. Tolbert do not witness any aggravated battery against COLTRI.

42.     No other incidents are noted or charged against Ms.Noel. Ms. Noel is not charged with any traffic offense and never receives a parking ticket.

43.     As a result of the Defendants conduct, the Plaintiff was imprisoned, assigned a criminal record, subjected to prosecution, and made to pay for defense of the charges.

44.     That Plaintiff missed a job interview due to the aforementioned imprisonment.

45.     The Plaintiff was also subjected to the shame, humiliation and loss of reputation among friends and family members of being so publicly arrested and accused of crimes which she did not commit.

46.     That Plaintiff was required to report her arrest to her employer and was unable to continue to work for AT&T.

47.    That on April 30, 2010, Plaintiff was found not guilty of aggravated battery after a trial before a Judge in the Circuit Court of Cook County.

48.    That Plaintiff has been denied employment because of the aforementioned charges and record.

## COUNT I
## 42 U.S.C. 1983
## FIRST AND FOURTEENTH AMENDMENT
## FREE SPEECH, DUE PROCESS, EQUAL PROTECTION

49.    Plaintiff realleges and incorporates herein by reference of the foregoing allegations contained in paragraphs 1 through 48, above, as if fully set herein.

50.    The actions of the Defendant, COLTRI were done pursuant to one or more the following: concealing and suppressing his own misconduct including use of unlawful force, giving false and misleading information during an official review of the allegations against Ms. Noel, and encouraging WPD Officers to be derelict in their duties by misleading them.

51.    COLTRI's misconduct against Plaintiff was without fear of official consequence because he considers himself above the law.

52.    COLTRI committed the aforesaid wrongful acts against the Plaintiff, and therefore acted as the direct and proximate cause of the injuries sustained by Plaintiff.

53.    The above acts and omissions of the Defendant violated Plaintiff s rights under the First and Fourteenth Amendments to the United States Constitution.

54.   Plaintiff spoke out about matters of public concern, to wit, the criminal act committed in the official and individual capacity of Defendant.

55.   COLTRI, acting under color of law, individually and/or in concert with others, unlawfully conspired to retaliate against Plaintiff through the concerted and deliberate action in order to punish Plaintiff for the exercise of her protected speech and keep Plaintiff from further exercising her right to protected speech.

56.   The actions of the Defendant, COLTRI were done pursuant to one or more of the following de facto policies, practices, and/or customs of the CITY that are so pervasive that they carry the force of law.

57.   Specifically, the CITY has a de facto policy, practice and/or custom of concealing and/or suppressing officer misconduct, including the use of unlawful force. The concealment and suppression of the existence of misconduct includes, but is not limited to: failure to sufficiently investigate allegations of misconduct; failure to accept complaints from citizens against police officers; failure to promptly record witness statements or preserve evidence; failure to promptly interview the suspected officer; failure to properly and sufficiently discipline an officer; fabrication of exculpatory evidence; and failure to initiate prompt disciplinary procedures related to alleged misconduct, even when the allegation of misconduct is so obviously true.

58.   Likewise, the CITY has a de facto policy, practice and/or custom of failing to maintain accurate and complete records of complaints and investigations of misconduct.

59.   Likewise, the CITY has a de facto policy, practice and/or custom of hiring and retaining unqualified officers, and failing to properly train, monitor and/or supervise its police officers.

60.    Likewise, the CITY has de facto policy, practice and/or custom of a "code of silence." This code is an implicit understanding between and among members of the WPD resulting in a refusal or failure to report instances of misconduct of which they are aware, including the use of unlawful force, despite their obligation to do so as sworn police officers. This includes police officers who remain silent or give false or misleading information during official investigations into allegations of fellow officers related to misconduct that occurred on duty in order to protect themselves or their fellow officers from discipline, criminal prosecution or civil liability.

61.    Finally, the CITY, fails to maintain its fleet's video equipment and records, and supervise those employees responsible for the proper functioning of this equipment.

62.    Individually and collectively, the above described de facto policies, practices and/or customs of the CITY proximately result in the culture and endemic attitude among members of the WPD, including Defendant, COLTRI, which they may engage in misconduct against the citizenry with impunity, and without fear of official consequence; they consider themselves "above the law."

63.    The aforementioned de facto policies, practices and/or customs of the CITY, individually and collectively, have been maintained and/or implemented with utter indifference by the CITY and has or have encouraged and/or motivated Defendant, COLTRI, to commit aforesaid wrongful acts against the Plaintiff, and therefore acted as the direct and proximate cause of the injuries sustained by the Plaintiff.

64.    The above acts / omissions of the CITY violated the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

65.    As a direct result of the facts and allegations set forth in Count I, the Plaintiff, Crista Noel has suffered, and will in the future continue to suffer injuries of a personal and pecuniary nature, including extreme emotional distress, and damage to her business and property.

WHEREFORE, the Plaintiff, Crista Noel demand judgment against Defendants, CITY of WESTCHESTER and BRUNO COLTRI, jointly and severally in a sum in excess of 3,000,000, including compensatory and punitive damages, plus costs, attorney fees, and any other relief the Court deems just and appropriate.

**COUNT II**
**42 U.S.C. 1983**
**FOURTH AMENDMENT**
**ILLEGAL SEIZURE – EXCESSIVE FORCE**

66.    Plaintiff realleges and incorporates herein by reference of the foregoing allegations contained in paragraphs 1 through 65, above, as if fully set herein.

67.    Defendant, acting under color of law, individually, or in concert with others, deprived the Plaintiff of her Fourth Amendment right to be free from unreasonable searches and seizures.

68.    Defendant, individually, or in concert with others, violated Plaintiff's constitutionally protected rights by the use of excessive and abusive police powers, and intentionally sought to deprive the Plaintiff of the private enjoyment of her constitutional rights to her liberty, to be free from excessive police action, physical force and unlawful arrest.

69.    Defendant, acting under color of law, individually or in concert with others, unlawfully retaliated against Plaintiff through the concerted and deliberate action in order to punish Plaintiff

from further exercising her right to protected speech by using unnecessary and excessive force to quiet her in violation of her Fourth Amendment rights.

70.     That at all times, the Defendant's conduct was willful, intentional and was calculated to deprive the Plaintiff of her constitutional rights in violation of 42 U.S.C 1983.

71.     That at all times herein, the Defendant was acting under the power, authority and police powers granted to them by the City of Westchester and was under the supervision of certain police personnel who knew or should have known of the abuses of police authority and violations of civil rights imposed on the Plaintiff, Crista Noel.

72.     As a direct result of the facts and allegations set forth in Count II, the Plaintiff, Crista Noel has suffered, and will in the future continue to suffer injuries of a personal and pecuniary nature, including extreme emotional distress, and damage to her business and property.

WHEREFORE, the Plaintiff, Crista Noel demand judgment against Defendants, CITY OF WESTCHESTER and BRUNO COLTRI, jointly and severally in a sum in excess of 3,000,000, including compensatory and punitive damages, plus costs, attorney fees, and any other relief the Court deems just and appropriate.

## COUNT III
## 42 U.S.C. 1983
## FALSE ARREST-EQUAL PROTECTION

73.     Plaintiff realleges and incorporates herein by reference of the foregoing allegations contained in paragraphs 1 through 72, above, as if fully set herein.

74.     That the Plaintiff, Crista Noel, was placed under arrest by the Defendant, individually or in concert with others.

75.    That at the time of Plaintiffs arrest, the Plaintiff, Crista Noel, was not in violation of any local, state or federal laws, and had committed no conduct that would warrant probable cause for her arrest.

76.    Defendant's conduct, as described above, violated the rights of Plaintiff, Crista Noel under the laws as guaranteed under the Fourth Amendment to the United States Constitution, and cause the Plaintiff, Crista Noel, to suffer damages, including personal and pecuniary.

77.    As a direct result of the facts and allegations set forth in Count III, the Plaintiff, Crista Noel has suffered, and will in the future continue to suffer injuries of a personal and pecuniary nature, including extreme emotional distress, and damage to her business and property.

WHEREFORE, the Plaintiff, Crista Noel demand judgment against Defendants, CITY OF WESTCHESTER and BRUNO COLTRI, jointly and severally in a sum in excess of 3,000,000, including compensatory and punitive damages, plus costs, attorney fees, and any other relief the Court deems just and appropriate.

## COUNT IV
### 42 U.S.C. 1983
### MALICIOUS PROSECUTION

78.    Plaintiff realleges and incorporates herein by reference of the foregoing allegations contained in paragraphs 1 through 77, above, as if fully set herein.

79.    That as a result of the Defendants conduct, the Plaintiff was subjected to malicious prosecution and was subjected to a jail sentence, fines and a possible prison sentence.

80.    That on April 30, 2010, the Plaintiff was put on trial for crimes she did not commit and for which no probable cause existed.

81.     That on April 30, 2010, the Plaintiff was found not guilty of Aggravated Battery of Police Officer.

82.     As a direct result of the facts and allegations set forth in Count IV, the Plaintiff, Crista Noel has suffered, and will in the future continue to suffer injuries of a personal and pecuniary nature, including extreme emotional distress, and damage to her business and property.

        WHEREFORE, the Plaintiff, Crista Noel demand judgment against Defendants, CITY OF WESTCHESTER and BRUNO COLTRI, jointly and severally in a sum in excess of 3,000,000, including compensatory and punitive damages, plus costs, attorney fees, and any other relief the Court deems just and appropriate.

## COUNT V
## INDEMNIFICATION

83.     Plaintiff realleges and incorporates herein by reference of the foregoing allegations contained in paragraphs 1 through 82, above, as if fully set herein.

84.     Defendant, BRUNO COLTRI was an employee and agent of the CITY of WESTCHESTER, Illinois and acted within the scope of his employment in committing the misconduct described herein and the Defendant, CITY, was his principal.

85.     Defendant, CITY, is a municipal corporation required to provide indemnity within the meaning of 735 ILCS 10/9-102 for all actual damages caused by Defendant COLTRI, caused while acting in the scope of his employment.

WHEREFORE, the Defendant, CITY of WESTCHESTER, is liable to Plaintiff, Crista Noel for an amount which will compensate her for past and future damages, including but not limited to

Plaintiff's pain, suffering, emotional distress, and damages to her business and property proximately cause by the wrongful and unlawful acts of Defendant, BRUNO COLTRI.

## PLAINTIFF DEMANDS A JURY OF TWELVE

## <u>CERTIFICATION</u>

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Respectfully submitted by and signed this ____30____ day of _____, 20 _12_

Crista Noel
Pro Se Attorney
219F Dodge Avenue
Evanston, IL 60202

State of ___Illinois___
County of ___Cook___
Signed and attested before me on _08/30/12_(date) by
___Crista Noel___
(name/s of person/s).

_____
(Signature of Notary Public)

(Seal)

OFFICIAL SEAL
CHRISTOPHER LEE
Notary Public - State of Illinois
My Commission Expires Apr 7, 2015