# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRISTA E. NOEL, | |
| Plaintiff, | No. 10 CV 8188 |
| | Judge James B. Zagel |
| v. | |
| BRUNO COLTRI and the CITY OF WESTCHESTER, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion to dismiss the Amended Complaint based on defective process and a failure to comply with the statute of limitations.[1] The motion to dismiss for defective service is denied. 28 U.S.C. § 1915(d) provides: "[t]he officers of the court shall issue and serve all process, and perform all duties" for proceedings in forma pauperis. Somehow, Plaintiff's in forma pauperis status was not properly docketed and the U.S. Marshal was not alerted of the need to issue process in this case. As a result, Plaintiff herself mailed a copy of the summons and complaint to Defendants, which is not allowed. Fed. R. Civ. P. 4(c)(2). The defective process was the result of an administrative error of this Court for which Plaintiff cannot be held responsible. Defendants have a right to proper service under the rules of civil procedure, but I cannot dismiss the case on those grounds. I cannot imagine that Defendants would insist on personal service by the U.S. Marshal at this point, but they have a right to do so. Defendants have 14 days to notify the Court if they wish to be personally served; costs would be imposed accordingly. Fed. R. Civ. P. 4(d)(2). Otherwise, Defendants will be

---

[1] I incorporate herein by reference my Order of March 4, 2013.

deemed to have timely waived service. Fed. R. Civ. P. 4(d)(3).

Defendant Village of Westchester (the "Village") next moves to dismiss all claims under the applicable statute of limitations. All of Plaintiff's claims are brought under 42 U.S.C. § 1983. However, I must treat Plaintiff's malicious prosecution claim as a state law claim. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). In Illinois, § 1983 claims are subject to the two-year limitations period that applies to personal injury actions. 735 ILCS 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The malicious prosecution claim is subject to the one-year limitations period provided under 745 ILCS 10/8-101(a).

Plaintiff's § 1983 claims arise from conduct that occurred on January 1, 2009, and the claims accrued on that date. Plaintiff filed the original complaint on December 27, 2010, but only named Officer Coltri as a Defendant. Plaintiff did not name the Village as a defendant until she filed her first amended complaint on August 29, 2012, almost 21 months after the two-year statute of limitations expired. Plaintiff's § 1983 claims against Defendant Village have thus come too late and are dismissed.[2]

Plaintiff's claim for malicious prosecution accrued on April 30, 2010—the date on which the Circuit Court of Cook County acquitted her of aggravated battery against a police officer. See *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998) (malicious prosecution claim does not accrue until underlying criminal proceedings are terminated in plaintiff's favor). Her malicious prosecution claim against the Village comes 16 months after April 29, 2011, the last day of the one-year limitations period. The malicious prosecution claim against the Village is likewise barred by the statute of limitations.[3]

---

[2] Plaintiff took up an interlocutory appeal of my August 23, 2011 order denying her application to proceed in forma pauperis, upon which she prevailed. Even if the statute of limitations was tolled during the pendency of the appeal—a period of just over seven months—the claims would still be too late.
[3] Again, even if the statute of limitations was tolled on interlocutory appeal, the malicious prosecution claim comes

For the foregoing reasons, Defendants' motion to dismiss for insufficient service of process is DENIED. Defendant Village of Westchester's motion to dismiss all claims against it based on the applicable statutes of limitation is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: June 27, 2013

---

too late.