12092/TRW,JAM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CRISTA E. NOEL, | |
| Plaintiff, | Case No. 10cv08188 |
| vs. | Judge Zagel |
| BRUNO COLTRI, | Magistrate Judge Kim |
| Defendant. | |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

NOW COMES Defendant, BRUNO COLTRI, by and through his attorneys, Langhenry, Gillen, Lundquist & Johnson, LLC, and for his answer to plaintiff's first amended complaint, states as follows:

## <u>INTRODUCTION</u>

This is an action brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution and under Illinois State Law. Specifically, the Defendant, Bruno Coltri violated the rights of Crista Noel, by violently battering and abusing her without any justification. Furthermore, the Defendant, Bruno Coltri, while acting under the color of authority violated rights of Plaintiff, Crista Noel by committing a hate crime against her, racially profiling, falsely arresting and imprisoning her, and maliciously prosecuting her to cover his use of excessive force. And that Defendant, City of Westchester, violated the rights of Crista Noel because the battering that Crista Noel suffered at the hands of Bruno Coltri, was the direct and proximate result of pervasive and unconstitutional custom, practice, and, or lack of policy, and supervision of the City of Westchester in the failing to investigate, discipline, reliably maintain, and otherwise hold accountable its police officers, employees and equipment, engendering the

firm understanding among Westchester Police Staff, including Bruno Coltri, that they may commit crimes against and violate the rights of citizens of Greater Chicago and the State of Illinois with impunity, and without fear of official consequence.

> **ANSWER:** Defendant admits that he was a police officer employed by the Village of Westchester acting under color of law, and that plaintiff has brought an action pursuant to United States Constitution. Defendant denies all other allegations contained in the introduction of plaintiff's amended complaint.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the action pursuant to the Constitution of the United States of America; United States Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331; 28 U.S.C. 1343; and 28 U.S.C. 1367. Venue is proper in this District under 28 U.S.C. 1391, as all or most of the parties reside in this Judicial District, and the events giving rise to the claims asserted herein occurred in this Judicial District.

> **ANSWER:** Defendant admits this court's jurisdiction and admits that venue is proper.

## BACKGROUND

3. The Plaintiff, Crista Noel, is a resident of this Judicial District. On, and before January 1, 2009, she was employed as a manager of AT&T, 2000 W. AT&T Drive, Hoffman Estates, Illinois.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of plaintiff's amended complaint.

4. The Defendant, City of Westchester (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

**ANSWER:**   Defendant admits the facts alleged in paragraph 4 of plaintiff's amended complaint.

5. The Defendant, Bruno Coltri, (hereinafter "COLTRI"), at all relevant times, was a sworn Westchester Police Officer residing in this Judicial District, who possessed the authority under law to carry out the police powers invested in him by the Defendant, CITY, and the State of Illinois, including the power to arrest.

**ANSWER:**   Defendant admits the allegations contained in paragraph 5 of plaintiff's amended complaint.

## Uncontroverted Truth

*The following documents testimony in agreement from independent witnesses, gathered from trial transcripts, documents and pictures presented as evidence to the court.*

**ANSWER:**   Defendant denies that the allegations of plaintiff's first amended complaint accurately set forth the events which occurred on or about January 1, 2009, as alleged in this non-numbered paragraph.

## RACIAL PROFILING

6. On January 1, 2009, Ms. Pamela Tolbert was stopped for speeding east on 22nd street a few feet from Belleview Avenue, in Westchester Illinois, by Officer (Ofc.) Russell Newton.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of plaintiff's amended complaint,.

7. Ofc. Newton initiates the stop by pulling Ms. Tolbert over, exiting his vehicle and receiving Ms. Tolbert's license and insurance.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of plaintiff's amended complaint.

8. Ofc. Newton returns to his squad car, calls for backup before Ms. Noel arrives, and begins issuing Ms. Tolbert a ticket.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of plaintiff's amended complaint.

9. While Ofc. Newton is in his vehicle completing the ticket, Ms. Crista Noel arrives on the scene at approximately 2.24pm.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of plaintiff's amended complaint.

10. Ofc. Newton time stamps the ticket at 2.25pm.

> **ANSWER:** Defendant is without knowledge to admit or deny the allegations contained in paragraph 10 of plaintiff's amended complaint, because he was not present for the traffic stop described in this paragraph.

11. Ms. Noel pulls over to the right and stands her car in front of Ms. Tolbert's car and out of traffic. Queued; the three vehicles are over to the right and out of traffic.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of plaintiff's amended complaint.

12. A call connects between the two cell phones of Ms. Noel and Ms. Tolbert. As the three are sitting in their cars, COLTRI arrives as back up to Ofc. Newton for Pamela Tolbert's stop. COLTRI speaks to Ofc. Newton.

> **ANSWER:** Defendant admits that he arrived as backup to Ofc. Newton's traffic stop and spoke with Ofc. Newton. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 12 of plaintiff's amended complaint.

13. Ofc. Newton and COLTRI are in full police uniform, including bullet-proof vests, weapons (guns, Taser, etc.), radios and are in marked squad cars.

> **ANSWER:**   Defendant admits the allegations contained in paragraph 13 of plaintiff's amended complaint.

14. COLTRI's squad car is equipped with video but there is no video evidence.

> **ANSWER:**   Defendant admits that there is no video evidence of plaintiff's arrest, and denies that his squad car was equipped with working video equipment on the date and time indicated in plaintiff's complaint.

### ILLEGAL SEIZURE

15. After completing his conversation with Ofc. Newton, COLTRI moves his vehicle, passing Ms. Tolbert's car, up to Ms. Noel's car to speak with her.

> **ANSWER:**   Defendant admits the allegations contained in paragraph 15 of plaintiff's amended complaint.

16. COLTRI's vehicle is stopped and sitting in the traffic lane on the driver's side of Ms. Noel's vehicle.

> **ANSWER:**   Defendant admits the allegations contained in paragraph 16 of plaintiff's amended complaint.

17. COLTRI and Ms. Noel ask if they can be of assistance to each other. During the conversation between them, COLTRI advises Ms. Noel that he will give her a parking ticket if she does not move her car and directs her to park her car around the corner.

> **ANSWER:**   Defendant denies that the allegations contained in paragraph 17 of plaintiff's amended complaint accurately describe the conversation that took place between defendant and plaintiff at the date and time alleged.

18. Ms. Noel submits to COLTRI's authority, and makes a right off Cermak, around the corner and pulls into an empty, business strip mall, parking lot.

**ANSWER:**    Defendant admits that plaintiff drove her vehicle into a parking lot at the conclusion of her conversation with him. Defendant denies all other allegations contained in paragraph 18 of plaintiff's amended complaint.

19. COL TRI pursues Ms. Noel around the comer and blocks her vehicle from returning to the street by standing his vehicle on the apron of the entrance/exit of the parking lot.

**ANSWER:**    Defendant denies the allegations contained in paragraph 19 of plaintiff's amended complaint.

20. COLTRI does not turn on his lights to notify Ms. Noel he is initiating a stop.

**ANSWER:**    Defendant admits the allegations contained in paragraph 20 of plaintiff's amended complaint.

21. While he sits in his vehicle on the apron, effectively blocking Ms. Noel's vehicle in the lot, he enters Ms. Noel's license plates information into the leads system.

**ANSWER:**    Defendant admits that he entered the plaintiff's vehicle's license plate number into the LEADS system. Defendant denies the remaining allegations contained in paragraph 21 of plaintiff's amended complaint.

22. COLTRI's car is estimated as sitting at least 20 to 30 feet from Ms. Noel's car.

**ANSWER:**    Defendant denies the allegations contained in paragraph 22 of plaintiff's amended complaint.

23. Ms. Noel wants to make a 3-point turn out of the lot back onto the street, but submits to COLTRI's authority, and as he sits in his car waiting for information from the leads system, Ms. Noel exits her idling vehicle, and elevates her voice so that he can hear her, and asks him if he is writing her a ticket. She does not use foul language.

> **ANSWER:** Defendant admits that plaintiff exited her vehicle and admits she began to yell at him asking whether he was writing her "a fuckin' ticket" and whether he was writing her "a mutha fuckin' ticket." Defendant denies the remaining allegations contained in paragraph 23 of plaintiff's amended complaint.

24. COLTRI is unresponsive. Ms. Noel, with her i-Phone in hand and still connected to Ms. Tolbert's line, walks towards COLTRI's car.

> **ANSWER:** Defendant admits that he later learned plaintiff had a cell phone in her hand. Defendant lacks knowledge or information sufficient to form a belief as to whether the phone was connected. Defendant denies the remaining allegations contained in paragraph 24 of plaintiff's amended complaint.

25. COLTRI recognizes the cell phone as Ms. Noel walks forward.

> **ANSWER:** Defendant denies the allegations contained in paragraph 25 of plaintiff's amended complaint.

26. Neither Ms. Tolbert nor Ofc. Newton hears any commotion coming from the lot. Ofc. Newton and Ms. Tolbert continue to complete their tasks in reference to her speeding ticket.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of plaintiff's amended complaint.

## THE BATTERING AND ABUSE OF MS. NOEL - HATE CRIME

27. In response to Ms. Noel walking towards his squad car asking him questions, COLTRI exits his squad car and walks around the back of the vehicle towards Ms. Noel, and without stopping or any verbal command, initiates injurious contact and immediately tries to take Ms. Noel into custody.

> **ANSWER:** Defendant admits exiting his squad car as plaintiff approached. Defendant denies the remaining allegations contained in paragraph 27 of plaintiff's amended complaint.

28. After COLTRI makes contact with Ms. Noel, she retreats. A scuffle ensues. Ms. Tolbert and Ofc. Newton witness wrestling, tussling, and struggling, neither sees hitting, striking, punching, kicking, or slapping.

> **ANSWER:**    Defendant denies he initiated contact with the plaintiff, but admits that she bumped him with her chest. Defendant is without knowledge to admit or deny what Ms. Tolbert or Ofc. Newton witnessed and denies the remaining allegations contained in paragraph 28 of plaintiff's amended complaint.
.

29. COLTRI uses injurious force and Ms. Noel lands on the hood of his vehicle.

> **ANSWER:**    Defendant denies that the allegations contained in paragraph 29 of plaintiff's amended complaint.

30. COLTRI holds Ms. Noel's hands behind her back with one hand, as she lies on the hood of his squad car.

> **ANSWER:**    Defendant admits handcuffing plaintiff behind her back as she was against the hood of his car. Defendant denies the remaining allegations contained in paragraph 30 of plaintiff's amended complaint.

## FALSE ARREST

31. COLTRI calls for back up. Ms. Tolbert and Ofc. Newton, with his Taser unholstered and in his hand, arrived on the scene at 2:28pm, a minute (rounded) after the cell phone call between Ms. Noel and Ms. Tolbert disconnects at 2:26 and 54 seconds.

> **ANSWER:**    Defendant admits that he called for assistance and admits that Ofc. Newton arrived on the scene with a taser in hand. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 31 of plaintiff's amended complaint.

32. Ofc. Newton secures the scene. Ofc. Newton goes over to COLTRI. Ofc. Newton does not deploy his taser.

> **ANSWER:**   Defendant admits that Ofc. Newton did not deploy his taser and admits that the scene was secure. Defendant denies the remaining allegations contained in paragraph 32 of plaintiff's amended complaint.

33. Ms. Noel is handcuffed and taken to the station.

> **ANSWER:**   Defendant admits the allegations contained in paragraph 33 of plaintiff's amended complaint.

## MALICIOUS PROSECUTION

34. At 3:15pm, Westchester EMT Matthew Martin arrives at the Westchester police station to treat Ms. Noel's injuries. He is called to the scene for a patient with headaches.

> **ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of plaintiff's amended complaint.

35. Ms. Noel's injuries include; bodily harm evidenced by; swelling on her head; and a venous protrusion on her left temple; scratches to her left temple and eyelid, where her glasses were smashed to her face; a sprained shoulder; handcuff injuries to her wrists; and a large hematoma on her left thigh.

> **ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of plaintiff's amended complaint.

36. COLTRI advanced towards Ms. Noel from the left and did not stop or retreat. All of Ms. Noel's injuries on are on her left side, except the handcuff injuries to her right hand.

> **ANSWER:**   Defendant denies that he "advanced" toward plaintiff, but admits that he did not retreat as she approached him. Defendant lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 36 of plaintiff's amended complaint.

37. The EMT report written by Mr. Martin documents that Ms. Noel said she was attacked.

> **ANSWER:** Defendant denies that the EMT report "documents" that plaintiff was attacked. Defendant admits that the report documents plaintiff's allegation that she was "attacked" as well as the department's report that plaintiff resisted arrest and that force had to be used to affect the arrest.

## **FALSE IMPRISONMENT**

38. COLTRI signs the felony charge, his first statement under oath of facts and events, testifying that he did not tell Ms. Noel she was under arrest.

> **ANSWER:** Defendant admits signing a felony charge under oath, but denies the remaining allegations contained in paragraph 38 of plaintiff's amended complaint.

39. Sergeant LaManna takes COLTRI's statement for the arrest of Ms. Noel. COLTRI tells Sergeant LaManna that Ms. Noel did not chest bump him. COL TRI signs a felony charge that states Ms. Noel did chest bump him.

> **ANSWER:** Defendant denies he did not tell Sgt. LaManna that plaintiff chest bumped him. Defendant admits that the felony complaint also alleges that the plaintiff chest bumped him. Defendant denies all other allegations contained in paragraph 39 of plaintiff's amended complaint.

40. COLTRI signs an affidavit, under oath, to charge Ms. Noel with a felony-Aggravated Battery A, (requiring permanent injury), and misdemeanor resisting arrest.

> **ANSWER:** Defendant admits he signed a felony complaint under oath charging plaintiff with aggravated battery and signed a misdemeanor complaint under oath charging plaintiff with resisting a peace officer.

41. After State's review, Ms. Noel's felony charge is dropped Aggravated Battery C. Officer Newton and Ms. Tolbert do not witness any aggravated battery against COLTRI.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of plaintiff's amended complaint.

42. No other incidents are noted or charged against Ms. Noel. Ms. Noel is not charged with any traffic offense and never receives a parking ticket.

> **ANSWER:** Defendant admits that the plaintiff was not charged with a traffic offense and did not receive a parking ticket on the date and time alleged. Defendant denies all other allegations contained in paragraph 42 of plaintiff's amended complaint.

43. As a result of the Defendants conduct, the Plaintiff was imprisoned, assigned a criminal record, subjected to prosecution, and made to pay for defense of the charges.

> **ANSWER:** Defendant denies the allegations contained in paragraph 43 of plaintiff's amended complaint.

44. That Plaintiff missed a job interview due to the aforementioned imprisonment.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of plaintiff's amended complaint.

45. The Plaintiff was also subjected to the shame, humiliation and loss of reputation among friends and family members of being so publicly arrested and accused of crimes which she did not commit.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of plaintiff's amended complaint.

46. That Plaintiff was required to report her arrest to her employer and was unable to continue to work for AT&T.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of plaintiff's amended complaint.

47. That on April 30, 2010, Plaintiff was found not guilty of aggravated battery after a trial before a Judge in the Circuit Court of Cook County.

> **ANSWER:** Defendant admits the allegations contained in paragraph 47 of plaintiff's amended complaint.

48. That Plaintiff has been denied employment because of the aforementioned charges and record.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48 of plaintiff's amended complaint.

## COUNT I
### 42 U.S.C. 1983
### FIRST AND FOURTEENTH AMENDMENT
### FREE SPEECH, DUE PROCESS, EQUAL PROTECTION

49. Plaintiff realleges and incorporates herein by reference of the foregoing allegations contained in paragraphs 1 through 48, above, as if fully set herein.

> **ANSWER:** Defendant restates and incorporates herein by reference his answers to paragraphs 1 - 48 of plaintiff's amended complaint, as if fully set forth herein.

50. The actions of the Defendant, COLTRI were done pursuant to one or more the following: concealing and suppressing his own misconduct including use of unlawful force,

giving false and misleading information during an official review of the allegations against Ms.

Noel, and encouraging WPD Officers to be derelict in their duties by misleading them.

> **ANSWER:**   Defendant denies the allegations contained in paragraph 50 of plaintiff's amended complaint.

51. COLTRI's misconduct against Plaintiff was without fear of official consequence

because he considers himself above the law.

> **ANSWER:**   Defendant denies the allegations contained in paragraph 51 of plaintiff's amended complaint.

52. COLTRI committed the aforesaid wrongful acts against the Plaintiff, and therefore

acted as the direct and proximate cause of the injuries sustained by Plaintiff.

> **ANSWER:**   Defendant denies the allegations contained in paragraph 52 of plaintiff's amended complaint.

53. The above acts and omissions of the Defendant violated Plaintiff s rights under the

First and Fourteenth Amendments to the United States Constitution.

> **ANSWER:**   Defendant denies the allegations contained in paragraph 53 of plaintiff's amended complaint.

54. Plaintiff spoke out about matters of public concern, to wit, the criminal act committed

in the official and individual capacity of Defendant.

> **ANSWER:**   Defendant denies the allegations contained in paragraph 54 of plaintiff's amended complaint.

55. COLTRI, acting under color of law, individually and/or in concert with others,

unlawfully conspired to retaliate against Plaintiff through the concerted and deliberate action in

order to punish Plaintiff for the exercise of her protected speech and keep Plaintiff from further exercising her right to protected speech.

>  **ANSWER:** Defendant denies the allegations contained in paragraph 55 of plaintiff's amended complaint.

56. The actions of the Defendant, COLTRI were done pursuant to one or more of the following de facto policies, practices, and/or customs of the CITY that are so pervasive that they carry the force of law.

>  **ANSWER:** Defendant denies the allegations contained in paragraph 56 of plaintiff's amended complaint.

57. Specifically, the CITY has a de facto policy, practice and/or custom of concealing and/or suppressing officer misconduct, including the use of unlawful force. The concealment and suppression of the existence of misconduct includes, but is not limited to: failure to sufficiently investigate allegations of misconduct; failure to accept complaints from citizens against police officers; failure to promptly record witness statements or preserve evidence; failure to promptly interview the suspected officer; failure to properly and sufficiently discipline an officer; fabrication of exculpatory evidence; and failure to initiate prompt disciplinary procedures related to alleged misconduct, even when the allegation of misconduct is so obviously true.

>  **ANSWER:** Defendant denies the allegations contained in paragraph 57 of plaintiff's amended complaint.

58. Likewise, the CITY has a de facto policy, practice and/or custom of failing to maintain accurate and complete records of complaints and investigations of misconduct.

>  **ANSWER:** Defendant denies the allegations contained in paragraph 58 of plaintiff's amended complaint.

59. Likewise, the CITY has a de facto policy, practice and/or custom of hiring and retaining unqualified officers, and failing to properly train, monitor and/or supervise its police officers.

>**ANSWER:**   Defendant denies the allegations contained in paragraph 59 of plaintiff's amended complaint.

60. Likewise, the CITY has de facto policy, practice and/or custom of a "code of silence." This code is an implicit understanding between and among members of the WPD resulting in a refusal or failure to report instances of misconduct of which they are aware, including the use of unlawful force, despite their obligation to do so as sworn police officers. This includes police officers who remain silent or give false or misleading information during official investigations into allegations of fellow officers related to misconduct that occurred on duty in order to protect themselves or their fellow officers from discipline, criminal prosecution or civil liability.

>**ANSWER:**   Defendant denies the allegations contained in paragraph 60 of plaintiff's amended complaint.

61. Finally, the CITY, fails to maintain its fleet's video equipment and records, and supervise those employees responsible for the proper functioning of this equipment.

>**ANSWER:**   Defendant denies the allegations contained in paragraph 61 of plaintiff's amended complaint.

62. Individually and collectively, the above described de facto policies, practices and/or customs of the CITY proximately result in the culture and endemic attitude among members of the WPD, including Defendant, COLTRI, which they may engage in misconduct against the citizenry with impunity, and without fear of official consequence; they consider themselves "above the law."

**ANSWER:**     Defendant denies the allegations contained in paragraph 62 of plaintiff's amended complaint.

63. The aforementioned de facto policies, practices and/or customs of the CITY, individually and collectively, have been maintained and/or implemented with utter indifference by the CITY and has or have encouraged and/or motivated Defendant, COLTRI, to commit aforesaid wrongful acts against the Plaintiff, and therefore acted as the direct and proximate cause of the injuries sustained by the Plaintiff.

**ANSWER:**     Defendant denies the allegations contained in paragraph 63 of plaintiff's amended complaint.

64. The above acts/omissions of the CITY violated the Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution.

**ANSWER:**     Defendant denies the allegations contained in paragraph 64 of plaintiff's amended complaint.

65. As a direct result of the facts and allegations set forth in Count I, the Plaintiff, Crista Noel has suffered, and will in the future continue to suffer injuries of a personal and pecuniary nature, including extreme emotional distress, and damage to her business and property.

**ANSWER:**     Defendant denies the allegations contained in paragraph 65 of plaintiff's amended complaint.

**COUNT II**
**42 U.S.C. 1983**
**FOURTH AMENDMENT**
**ILLEGAL SEIZURE - EXCESSIVE FORCE**

66. Plaintiff realleges and incorporates herein by reference of the foregoing allegations contained in paragraphs 1 through 65, above, as if fully set herein.

**ANSWER:**    Defendant restates and incorporates herein by reference his answers to paragraphs 1 - 65 of plaintiff's amended complaint, as if fully set forth herein.

67. Defendant, acting under color of law, individually, or in concert with others, deprived the Plaintiff of her Fourth Amendment right to be free from unreasonable searches and seizures.

**ANSWER:**    Defendant denies the allegations contained in paragraph 67 of plaintiff's amended complaint.

68. Defendant, individually, or in concert with others, violated Plaintiffs constitutionally protected rights by the use of excessive and abusive police powers, and intentionally sought to deprive the Plaintiff of the private enjoyment of her constitutional rights to her liberty, to be free from excessive police action, physical force and unlawful arrest.

**ANSWER:**    Defendant denies the allegations contained in paragraph 68 of plaintiff's amended complaint.

69. Defendant, acting under color of law, individually or in concert with others, unlawfully retaliated against Plaintiff through the concerted and deliberate action in order to punish Plaintiff from further exercising her right to protected speech by using unnecessary and excessive force to quiet her in violation of her Fourth Amendment rights.

**ANSWER:**    Defendant denies the allegations contained in paragraph 69 of plaintiff's amended complaint.

70. That at all times, the Defendant's conduct was willful, intentional and was calculated to deprive the Plaintiff of her constitutional rights in violation of 42 U.S.C 1983.

**ANSWER:**    Defendant denies the allegations contained in paragraph 70 of plaintiff's amended complaint.

71. That at all times herein, the Defendant was acting under the power, authority and police powers granted to them by the City of Westchester and was under the supervision of certain police personnel who knew or should have known of the abuses of police authority and violations of civil rights imposed on the Plaintiff, Crista Noel.

**ANSWER:** Defendant denies the allegations contained in paragraph 71 of plaintiff's amended complaint.

72. As a direct result of the facts and allegations set forth in Count II, the Plaintiff, Crista Noel has suffered, and will in the future continue to suffer injuries of a personal and pecuniary nature, including extreme emotional distress, and damage to her business and property.

**ANSWER:** Defendant denies the allegations contained in paragraph 72 of plaintiff's amended complaint.

**COUNT III**
**42 U.S.C. 1983**
**FALSE ARREST-EQUAL PROTECTION**

73. Plaintiff realleges and incorporates herein by reference of the foregoing allegations contained in paragraphs 1 through 72, above, as if fully set herein.

**ANSWER:** Defendant restates and incorporates herein by reference his answers to paragraphs 1 - 72 of plaintiff's amended complaint, as if fully set forth herein.

74. That the Plaintiff, Crista Noel, was placed under arrest by the Defendant, individually or in concert with others.

**ANSWER:** Defendant admits that plaintiff was arrested on or about January 1, 2009, and denies the remaining allegations contained in paragraph 74 of plaintiff's amended complaint.

75. That at the time of Plaintiffs arrest, the Plaintiff, Crista Noel, was not in violation of any local, state or federal laws, and had committed no conduct that would warrant probable cause for her arrest.

**ANSWER:** Defendant denies the allegations contained in paragraph 75 of plaintiff's amended complaint.

76. Defendant's conduct, as described above, violated the rights of Plaintiff, Crista Noel under the laws as guaranteed under the Fourth Amendment to the United States Constitution, and cause the Plaintiff, Crista Noel, to suffer damages, including personal and pecuniary.

**ANSWER:** Defendant denies the allegations contained in paragraph 76 of plaintiff's amended complaint.

77. As a direct result of the facts and allegations set forth in Count III, the Plaintiff, Crista Noel has suffered, and will in the future continue to suffer injuries of a personal and pecuniary nature, including extreme emotional distress, and damage to her business and property.

**ANSWER:** Defendant denies the allegations contained in paragraph 77 of plaintiff's amended complaint.

## COUNT IV
## 42 U.S.C. 1983
## MALICIOUS PROSECUTION

**ANSWER:**

78-82.     Pursuant to the court's order and memorandum opinion, Doc. No. 50, all state law claims and all allegations against the Village of Westchester, incorrectly sued as the City of Westchester, have been dismissed. Accordingly, Defendant makes no answer to the factual allegations contained in Count IV of plaintiff's first amended complaint.

## COUNT V
## INDEMNIFICATION

**ANSWER:**

83-85.      Pursuant to the court's order and memorandum opinion, Doc. No. 50, all state law claims and all allegations against the Village of Westchester, incorrectly sued as the City of Westchester, have been dismissed. Accordingly, Defendant makes no answer to the factual allegations contained in Count V of plaintiff's first amended complaint.

WHEREFORE, Defendant, BRUNO COLTRI, denies that plaintiff is entitled to any relief, and asks that this court enters judgment in his favor and against the plaintiff.

### AFFIRMATIVE DEFENSES

NOW COMES Defendant, BRUNO COLTRI, and for his affirmative defenses to plaintiff's first amended complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE - QUALIFIED IMMUNITY

1.      At all times relevant to plaintiff's first amended complaint, defendant was employed as a police officer with the Village of Westchester.

2.      At all times relevant to plaintiff's first amended complaint, defendant acted within his official capacity as a police officer with the Village of Westchester.

3.      To the extent that plaintiff's first amended complaint seeks recovery against defendant in his individual capacity, defendant is entitled to qualified immunity, as his discretionary actions under the circumstances were objectively reasonable and did not violate the clearly established constitutional rights of the plaintiff of which a reasonable person would have known.

### SECOND AFFIRMATIVE DEFENSE - *HECK* BAR

1.      The Plaintiff was found guilty of resisting the arrest by defendant Ofc. Coltri following a bench trial held in Cook County, Illinois, on April 30, 2010.

2.    The claims asserted against the defendant are barred pursuant to *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), as success on these claims would necessarily imply that the plaintiff's previous criminal conviction for resisting arrest was invalid.

WHEREFORE, judgment should be entered in favor of the Defendants and against the Plaintiff.

## JURY DEMAND

Defendant BRUNO COLTRI demands trial by jury.

Respectfully submitted,

**OFFICER BRUNO COLTRI,**

By:     /s/ Thomas R. Weiler
                       One of their attorneys

Thomas R. Weiler (Atty No. 06184955)
John A. Masters (Atty No. 6299434)
**Langhenry, Gillen, Lundquist & Johnson, LLC**
Attorneys for Defendant, Officer Bruno Coltri
33 North Dearborn Street - Suite 1650
Chicago, IL 60602
Tel: (312) 704-6700

## <u>CERTIFICATE OF SERVICE</u>

PLEASE TAKE NOTICE that the undersigned, an attorney, hereby certifies that he caused the attached **DEFENDANT'S ANSWER AND AFFITMATIVE DEFENSES TO AMENDED COMPLAINT**, to be served upon counsel of record in the above captioned matter at the addresses listed on this certificate of service by using U.S. Mail on this **16th** day of **July, 2013.**

**<u>Plaintiff</u> (<u>*pro se*</u>)**
Crista E. Noel
219F Dodge Avenue
Evanston, IL 60202

By:   /s/ Thomas R. Weiler
             Thomas R. Weiler

Thomas R. Weiler (Atty No. 06184955)
John A. Masters (Atty No. 6299434)
**Langhenry, Gillen, Lundquist & Johnson, LLC**
Attorneys for Defendant, Officer Bruno Coltri
33 North Dearborn Street - Suite 1650
Chicago, IL 60602
Tel: (312) 704-6700