# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRISTA NOEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 C 8188 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| BRUNO COLTRI, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Crista Noel got into a tussle with Westchester Police Officer Bruno Coltri after the two had an argument over whether Coltri was writing her a ticket. After that tussle resulted in Noel's arrest and prosecution for resisting a peace officer and aggravated battery of a police officer, Noel filed this suit against Coltri alleging excessive force, malicious prosecution, false arrest, and unlawful seizure in violation of 42 U.S.C. § 1983, and a class-of-one equal protection, due process, and First Amendment claims. Coltri moves for summary judgment [197] on all claims. The Court grants in part and denies in part the motion. The Court grants the motion with respect to Noel's excessive force claim because it is barred as a matter of law under *Heck v. Humphrey*. The Court denies Coltri's motion for summary judgment on Noel's malicious prosecution claim and class-of-one equal protection claim because there is an issue of fact as to whether Coltri acted with malice in pursuing the prosecution of Noel for aggravated battery of a police officer. The Court grants Coltri's motion on Noel's illegal seizure claim because she has failed to present any evidence from which a jury could conclude that a reasonable individual would not have felt free to leave. Finally, Noel has withdrawn her false arrest, First Amendment,

and due process claims, therefore the Court enters judgment in Coltri's favor on those claims as well.

## BACKGROUND[1]

On New Year's Day in 2009, Noel was driving in her car on Cermak Road in Westchester, Illinois, when Westchester Police Officer Newton pulled over Noel's friend Pamela Tolbert, who was traveling in a separate vehicle, for speeding. Noel, seeing that her friend had been pulled over, stopped her own car on the side of the road, in front of Tolbert's car. Shortly after Noel stopped, another police car arrived on the scene, driven by Defendant Coltri.

Coltri pulled his car alongside Noel's and told her that she was illegally parked and would need to move her car around the corner or he would issue her a parking ticket. After a brief argument regarding whether Noel was parked or merely "standing" on the side of the road, Noel moved her car. She moved her car, turning right at the next corner and then pulled into a strip mall parking lot so that she could continue observing Tolbert's traffic stop. Noel pulled into the parking lot entirely of her own accord. Noel stopped her car in a parking spot, approximately thirty feet into the lot. Coltri then pulled his car into the entrance of the parking lot and began looking up Noel's license plate on his in-car computer.

At this point, Noel stepped out of her car and began to shout at Coltri, asking whether he was writing her a ticket. Coltri did not respond and Noel continued to approach his car until she reached the rear passenger side door. Coltri then got out of the squad car. Coltri testified at Noel's subsequent criminal trial that when he approached Noel, she chest bumped him and he then attempted to arrest her for battery to a police officer. Noel testified that Coltri immediately

---

[1] The facts in this section are taken from the parties' Joint Statement of Material Facts. All facts are taken in the light most favorable to the non-movant.

took a swing at her when he approached her, and smashed her glasses into her face and knocked off her scarf and ear muffs. Noel testified that she never struck Coltri.

A brief struggle ensued, which ended when Coltri had Noel face down on the hood of the squad car. At this point, Officer Newton approached them with his Taser in hand. Noel then allowed Coltri to place her in handcuffs. The entire incident lasted approximately one minute.

Following her arrest, Noel was treated at the Westchester police station for injuries she received during her struggle with Coltri. According to the treating EMT, her injuries included left shoulder pain, an abrasion to the left temple, and abrasions to the right and left hands. Following her release from the police station, Noel visited her primary care doctor who observed an abrasion on her left temple, bruising of her upper eyelid and bruising on her left thigh. Her doctor prescribed her over the counter pain medication.

Following her arrest, Coltri signed a criminal complaint against Noel alleging that Noel committed felony aggravated battery of a police officer and resisting a peace officer, a misdemeanor. Noel went to trial on both charges and the trial judge ultimately convicted her of resisting a peace officer and acquitted her of felony aggravated battery. Noel appealed her conviction for resisting a peace officer, and the appellate court upheld her conviction.

**LEGAL STANDARD**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material

fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**ANALYSIS**

**I.     Excessive Force Claim**

Coltri argues that Noel's conviction for resisting arrest bars her excessive force claim under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and that even if *Heck* does not bar her claim, it fails because Coltri's actions were objectively reasonable under the circumstances.

Under *Heck*, a criminal defendant may not use § 1983 to claim damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless that conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. This is because criminal defendants cannot use § 1983 as a collateral attack on an otherwise valid criminal conviction. *Id.* at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his

4

conviction or confinement[.]"). *Heck* requires the district court to consider whether a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction or sentence. *Id*. at 487. If it would, the § 1983 action cannot proceed. *Id.* In the case of excessive force claims, where the plaintiff has been convicted of resisting arrest, the claims "can only proceed to the extent that the facts underlying the excessive force claim are not inconsistent with the essential facts supporting the conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014).

Noel's arrest on January 1, 2009 resulted in a conviction for resisting arrest. She argues that this conviction does not bar her excessive force claim under *Heck* because the trial court did not make a specific finding as to what act constituted resisting arrest and there are multiple bases upon which the trial court could have found Noel guilty of resisting arrest. Therefore, she claims her excessive force claim does not *necessarily* invalidate her resisting arrest conviction. Specifically, Noel argues that her resisting arrest conviction could have been based on her initial argument with Coltri, before she pulled into the parking lot. This argument falls flat. As the appellate court stated when upholding her conviction, "Verbal resistance or argument alone, even through the use of abrasive language, is not a violation of the statute." Doc. 208 at 6. Conviction for resisting arrest in Illinois requires a physical act. *Id*. (citing *People v. Kotlinski*, 2011 IL App (2d) 101251, ¶ 39). The appellate court held that Noel's resisting arrest conviction was premised on Noel pulling away from Coltri when he attempted to handcuff her and Noel striking Coltri about his body and face. *Id.* at 7. Therefore, the only basis for the conviction is her physically resisting the arrest, and the Court turns to whether a finding in this case that Coltri used excessive force would necessarily invalidate that conviction.

On appeal from her criminal conviction, Noel argued that she had a right to resist Coltri's arrest to defend herself against his use of excessive force. *Id.* at 9. The appellate court held that

5

Noel would have such a privilege to defend herself if Coltri used excessive force, but that he did not do so. *Id.* at 11. The court held that Coltri only used force after Noel began resisting arrest and that the force he used was not excessive. *Id.*

The Seventh Circuit's opinion in *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010), is instructive in this case. In *Evans*, the plaintiff, whom police badly beat while arresting him, brought an excessive force claim against the arresting officer. Prior to bringing suit, the plaintiff was convicted of resisting arrest in connection with the arrest during which he was beaten. The plaintiff advanced three arguments: "(1) that he did not resist being taken into custody; (2) that the police used excessive force to effect custody; and (3) that the police beat him severely even after reducing him to custody." *Id.* at 364. The court held that *Heck* barred him from proceeding with any claim for excessive force premised on the first argument, but that it did not bar any claim based on the second or third argument. *Id.*

Here, Noel's argument is essentially that her resisting arrest conviction was or could have been based on her initial encounter with Coltri, when both were still in their vehicles on Cermak Road, and that the subsequent physical altercation was not necessary to her conviction for resisting arrest. This argument is wrong. As stated above, the appellate court specifically held that this first verbal encounter would not support a conviction for resisting arrest, and that her resisting arrest conviction stemmed from the physical altercation. Noel has not advanced any other argument upon which the Court could find that Coltri's alleged use of force was excessive, without calling into question her conviction for resisting arrest. There may well be some theory upon which Noel's allegations could survive *Heck*, but the plaintiff is the master of her own claim, and in advancing this single erroneous argument, she has abandoned other potential avenues and foreclosed relief. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)

(plaintiff foreclosed relief by failing to advance arguments that could have overcome a *Heck* bar.)

Furthermore, unlike the plaintiff in *Evans*, it is unlikely that Noel could advance a theory that *Heck* would not bar. The only set of facts Noel can prove to prevail on her excessive force claim are premised upon proving facts that the state appellate court has already held would have provided her with a valid defense to her resisting arrest conviction if true. She asserts that Coltri struck her first and that she only resisted him after he began attacking her. The appellate court, in discussing this very allegation, stated that Coltri did not use any force on Noel until she began resisting, that Noel was not subjected to excessive force, and that if she was, the resistance would have been privileged. Noel has not provided any viable alternative theory that can support liability without undermining her criminal conviction. Therefore, because a finding that Coltri used excessive force in effecting the arrest would necessarily call into question Noel's criminal conviction for resisting arrest in this case, *Heck* bars this claim. Additionally, because her claim cannot proceed, the Court will not reach the parties' arguments regarding objective reasonableness under *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

## II. Malicious Prosecution Claim

Under Illinois law, a malicious prosecution claim requires the plaintiff to prove that the defendant commenced or continued a criminal proceeding against her, the criminal proceeding terminated in favor of the plaintiff, there was no probable cause for the proceeding, the defendant acted with malice, and the plaintiff was damaged as a result of the proceeding. *Gonzalez v. City of Elgin*, 578 F.3d 526, 541 (7th Cir. 2009) (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242, 169 Ill. 2d 504, 215 Ill. Dec. 98 (1996)). Coltri moves for summary judgment, arguing that Noel

7

cannot establish that her prosecution for aggravated battery of a police officer lacked probable cause or was carried out with malice.

Coltri asserts that he had probable cause to charge Noel for aggravated battery of a peace officer because she struck him and that Noel is barred from contesting this fact because the appellate court in her criminal case relied upon the fact that Noel struck Coltri when it upheld her conviction for resisting arrest. Under *Heck*, Noel cannot argue that she did not batter Coltri, if a finding that she did not do so would call into question the validity of her conviction for resisting arrest because it would invalidate a fact necessary to that conviction. *Heck*, 512 U.S. at 486–87. Noel's alleged striking of Coltri was not a necessary fact supporting her conviction for resisting arrest. The appellate court could have upheld her conviction on the basis of her pulling her hand away from Coltri and struggling with him prior to Officer Newton threatening to use a Taser on her. Therefore, Noel's continued assertion that she never struck Coltri does not present a *Heck* issue for the malicious prosecution claim. And because the probable cause for Noel's prosecution for aggravated battery is solely based on Noel's alleged battery of Coltri, and the parties dispute whether or not this occurred, the Court finds that it cannot grant summary judgment on this basis to Coltri.

Coltri next argues that Noel has failed to adduce any evidence that he pursued the prosecution out of malice. "Malice is defined as the initiation of a prosecution for any reason other than to bring a party to justice." *Rodgers v. Peoples Gas, Light & Coke Co.*, 733 N.E.2d 835, 842, 315 Ill. App. 3d 340, 248 Ill. Dec. 160 (2000). "[M]alice can be inferred when a defendant lacks probable cause and the circumstances indicate a lack of good faith." *Holland v. City of Chicago*, 643 F.3d 248, 255 (7th Cir. 2011). A reasonable jury here could find that Noel did not strike Coltri and therefore he lacked probable cause to charge her with aggravated battery

8

and that his subsequent pursuit of the battery claim was not a good faith attempt to bring her to justice. Coltri reasonably argues that *Heck* bars such an argument, because Noel's state court conviction forecloses her from arguing that Coltri used excessive force, however, this misapplies *Heck*. A finding that Coltri *believed* he may be investigated or otherwise found liable for use of excessive force and pursued an unfounded prosecution to cover this up, would be malicious, regardless of whether his belief was well founded. *Rodgers*, 733 N.E.2d at 842. The question for malicious prosecution is what Coltri's motivation was, not how well founded that motivation may have been. Finding that Coltri was afraid of potential consequence from his use of force does not undermine Noel's conviction for resisting arrest, therefore, this argument is not barred by *Heck*. The Court finds that there is a genuine dispute as to whether Coltri had probable cause to pursue the battery claim against Noel and whether he did so with malice, and denies Coltri's motion for summary judgment on the malicious prosecution claim.

### III. Class-of-one Equal Protection Claim

Noel brings a class-of-one equal protection claim, alleging that Coltri impermissibly singled her out for prosecution for aggravated battery. To succeed on a class-of-one equal protection claim, a plaintiff must show that a state actor discriminated against her with no rational basis. *Miller v. City of Monona*, 784 F.3d 1113, 1120 (7th Cir. 2015). While a common way to establish such discrimination is through the use of a comparator who was treated differently than the plaintiff, this is not required. *Id.* If the plaintiff can show that the state actor discriminated against her out of malice, a comparator is unnecessary. *Miller*, 784 F.3d at 1120.

Coltri argues that he had a rational basis for proceeding with the prosecution for aggravated battery against Noel: that she struck him. However, Noel testified that she did not strike Coltri, and a reasonable jury could find that she did not. Similarly to her malicious

9

prosecution claim, Noel contends that Coltri singled her out for prosecution in a malicious effort to cover-up his use of excessive force in her arrest. If the jury finds that Noel did not strike Coltri, it could reasonably infer from that evidence that Coltri fabricated the battery charge to insulate himself from consequences stemming from the force he used in arresting Noel. Therefore, there is a dispute of fact as to the class-of-one equal protection claim, and the Court denies Coltri's motion for summary judgment on this issue.

### IV. Illegal Seizure

Noel asserts that when Coltri followed her into the strip mall parking lot and stopped his vehicle in the entrance, he unlawfully seized her. A seizure occurs if, in view of all of the circumstances, a reasonable person would not believe that she was free to leave. *United States v. Clements*, 522 F.3d 790, 794 (7th Cir. 2008). Looking at all of the circumstances here, no reasonable person in Noel's position would have believed she was not free to leave. Coltri did not order Noel to drive into the parking lot, she went there of her own accord in order to continue observing Tolbert's traffic stop. Coltri did not turn on his lights or sirens. Coltri did not exit his vehicle or otherwise approach Noel. At the time Noel alleges Coltri seized her, he was parked in his car approximately thirty feet away.

Noel has not adduced any evidence tending to show that Coltri seized her when he pulled into the parking lot other than him stopping in the entrance. In light of all of the circumstances present here, a reasonable person would not have believed that she could not have reversed out of her parking space and exited the lot, or exited her car and walked out of the lot. Noel was voluntarily in the parking lot, voluntarily exited her car, and voluntarily approached and engaged Coltri. She does not point to any actions by Coltri where he restrained or directed her

movements by his command or actions. Therefore, the Court grants Coltri's motion for summary judgment on the illegal seizure claim.

V.      **Due Process, First Amendment, and False Arrest Claims**

Noel concedes that her due process, First Amendment, and false arrest claims are not viable. Therefore, the Court grants Coltri's motion for summary judgment with respect to these claims.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Coltri's motion for summary judgment [197]. The Court grants the motion with respect to Noel's excessive force, illegal seizure, due process, First Amendment, and false arrest claims. The Court denies the motion with respect to Noel's malicious prosecution and class-of-one equal protection claims.

Dated: October 13, 2017

_____
SARA L. ELLIS
United States District Judge