# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRISTA NOEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 C 8188 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| BRUNO COLTRI, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court denies the parties' cross-motion for reconsideration [239, 256]. See statement.

## STATEMENT

The Court previously granted in part and denied in part Defendant Bruno Coltri's motion for summary judgment. The Court granted judgment in favor of Coltri on Plaintiff Crista Noel's excessive force, illegal seizure, due process, First Amendment, and false arrest claims and denied Coltri's motion with respect to Noel's malicious prosecution and class-of-one equal protection claims. Coltri now moves the Court to reconsider this order with respect to the class-of-one claim. Noel cross-moves the Court to reconsider its rulings in favor of Coltri.

Motions for reconsideration serve a limited purpose and are "only appropriate where the court has misunderstood a party, where a court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds, Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). A motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted); *see also Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (a Rule 59(e) motion does not "enable a party to complete presenting his case after the court has ruled against him" (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995))).

In his motion for summary judgment, Coltri made two arguments for why Noel's class of one claim fails: that she did not identify any similarly situation person who was treated differently and that there was a rational basis for Coltri to arrest her, namely that she struck him. The Court denied Coltri's motion because a comparator is not required to satisfy a class of one claim and because there was a genuine dispute as to whether Noel struck Coltri. In his motion

for reconsideration, Coltri argues that the Court misapplied the law because Noel did not meet her burden to exclude all rational bases for her treatment.

The Court finds that it did not error in its initial ruling on this basis. Noel complains of being arrested and prosecuted for aggravated battery of a police officer despite not striking the officer. The only rational basis a police officer can have for arresting and pursing prosecution of an individual for a crime is probable cause to believe the person committed that crime. Here there is a genuine dispute as to whether Noel struck Coltri. If she did not do so, then the Court can conceive of no other rational basis for Coltri to have arrested and prosecuted Noel for aggravated battery. *See Geinosky v. City of Chicago*, 675 F.3d 743, 748 (7th Cir. 2012) (Even where plaintiff does not know subjective motivations, when "[r]eason and common sense provide no answer to why he was targeted that could be considered a legitimate exercise of police discretion," a class of one claim may survive.).

Coltri also now directs the Court to Seventh Circuit case law that purports to hold that, "Where an equal protection claim is merely a rewording of a malicious prosecution claim, dismissal of the equal protection claim is appropriate." *Wade v. Collier*, 783 F.3d 1081, 1088 (7th Cir. 2015). This sentence from *Wade* appears to include an important typographical error. The court likely intended to state that "Where an equal protection claim is merely a rewording of a *dismissed* malicious prosecution claim, dismissal of the equal protection claim is appropriate." *Id.* (alteration in italics). The Court reaches this conclusion for several reasons. First, the case the Seventh Circuit relies upon to support this statement, *Vukadinovich v. Bartels*, 853 F.2d 1387, 1391–92 (7th Cir.1988), disposed of an equal protection claim that it determined to be a "rewording of plaintiff's First Amendment-retaliation claim," because the district court already properly disposed of the First Amendment-retaliation claim. Second, in another Seventh Circuit case that pre-dates *Wade* by a few years, the court expressly acknowledged the possibility of bringing class-of-one claims premised on malicious prosecution-like actions. *Geinosky*, 675 F.3d at 748. The court then allowed the class-of-one claim to proceed. *Id.* at 749. Finally, only one subsequent case cites *Wade* for this proposition, and that case does so in a footnote while going on to dismiss the class-of-one claim on an independent basis. *See Hill v. Rubald*, No. 13 C 4847, 2017 WL 201357, at *7 n.8 (N.D. Ill. Jan. 18, 2017). Therefore, the Court declines to follow *Wade* for this proposition here.

Noel also moves for reconsideration of the Court's summary judgment order. The Court granted summary judgment in favor of Coltri on Noel's excessive force claim because it is barred as a matter of law under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) and on Noel's illegal seizure claim because she has failed to present any evidence from which a jury could conclude that a reasonable individual would not have felt free to leave. The Court also entered judgment in favor of Coltri on Noel's false arrest, First Amendment, and due process claims because Noel withdrew them.

Noel now argues that *Heck* does not apply to the Illinois resisting arrest statute and that the appellate court in her state court trial erred. These are both arguments she could have raised in her original response to the motion for summary judgment. As stated above, a motion to reconsider is not designed to "enable a party to complete presenting his case after the court has

ruled against him." *Matter of Reese*, 91 F.3d at 39. Therefore, the Court declines to consider these arguments here.

As to the illegal seizure claim, Noel restates portions of the record the Court considered in rendering is summary judgment opinion. Upon review of these facts, the Court again concludes that a reasonable individual under the circumstances would not have felt that she could not leave. Noel presents no new facts from which the Court could conclude its original decision was in error. Therefore, the Court denies Noel's motion for reconsideration.

Noel also states that she believes her First Amendment claim is viable even though she withdrew this claim in her response to the motion for summary judgment. Noel "states for the record that there was no agreement to withdraw her claim under the First amendment, and she was surprised by its exclusion." Doc. 256 at 10. Noel does not move to reinstate this claim or cite any authority by which it would be proper to do so now, and so the Court takes no action with respect to this claim.

Finally, on August 9, 2018, Noel filed a supplemental response to Coltri's reply in support of his motion to reconsider [265]. Because Noel did not move the Court for leave to file this response, the Court strikes this supplemental response and does not consider it in its decision.

For the foregoing reasons, the Court denies both Noel's and Coltri's motions for reconsideration.

Dated: August 13, 2018 /s/ Sara L. Ellis