IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTA E. NOEL,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRUNO COLTRI,<br><br>　　　　　　Defendant. | No. 10cv08188<br>Honorable Judge **SARA L. ELLIS** |

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT
UNDER EXCUSABLE NEGLECT RULE 6(b)(1)(B)
AND 60(b)(1)**

　　NOW COMES Plaintiff, Crista E. Noel, by herself, pro se, and moves this Honorable Court to grant her motion for Relief from a Judgment or Order Rule 6(b)(1)(B) excusable neglect, and/or 60(b)(1), mistake, inadvertence, surprise, or excusable neglect and grant her motion for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure and accept her notice of appeal

**STANDARD OF REVIEW**

　　Under Rule 60(b)(1) of the Federal Rules of Civil Procedure, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; and under Rule 6(b)(1)(B) providing that any act done by a party to a federal court proceeding within a specific time frame, the court may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect."

**STATEMENT OF FACTS**

　　On Thursday, January 16, 2020, Plaintiff, Crista Noel, pro se, filed for a new trial and to preserve her right to appeal under several federal rules, most specifically rule 59(a)(b) and 60(a)(b)(d).

　　On January 6, 2020, Plaintiff's assigned attorneys told her that her file by date for a new trial was January 16, 2020, and continued to encourage her to file on Thursday, January 16th. As stated previously, plaintiff is not aware of every rule and trusted her lawyers. She filed based on

what she was told by those with more experience.

On January 21, 2020, plaintiff informed her previously assigned lawyers that they may have mistakenly given her the wrong date for filing. On January 22nd the lawyers confirmed the motion was filed too late for a Rule 59 and asked to meet with her to discuss further. On that same date, plaintiff asked for an affidavit, so as not to make attorney-client privilege emails a part of the record.

Plaintiff confirmed that she would meet with her previous lawyers on Friday, January 24th as requested, and informed them she would be filing this document and reiterated her request for an affidavit.

## **ARGUMENT**

Missing a deadline is a lawyer's worst nightmare and therefore it is absolutely the worst nightmare for a pro se party. Sometimes, however, inattentiveness or the pressures of the practice of law may lead to a filing deadline being missed. Even the most sophisticated law firms with the most state-of-the-art calendaring and docketing vendors and internal practices and controls can suffer the nightmare of having a filing deadline fall through the cracks. *Daniel R. Cooper* Americanbar.org (July 2018). Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Pincay v. Andrews*, 351 F.3d 947 (9th Cir. 2003)

A Court can take into consideration the following factors, 1) whether the delay in filing was within the reasonable control of the movant; 2) the length of the delay and the delays potential impact on judicial proceedings; the danger of prejudice to the non-moving party; and whether the movant acted in good faith.

Plaintiff's lawyers knew she was a pro se party and knew she would rely on them to give her a "good date" to file her motion for a new trial and preserve her right to appeal. Plaintiff clearly trusted her lawyers experience and knowledge over hers, even asking if they counted Christmas.

Plaintiff filed her motion January 16th at 12:49pm, the length of delay is minimal but the impact on her judicial proceedings is huge.

Plaintiff has not prejudiced the non-moving party by filing the afternoon of the next day.

Plaintiff and her lawyers acted in good faith. Plaintiff's lawyers would not have given her a bad date out of malice. The fact that they are willing to meet with her proves that they continue to act in good faith.

## **CONCLUSION**

Plaintiff believes that she has established, and should be granted, her right to a new trial and her right to appeal based on the above arguments under 6(b)(1)(B) and 60(b)(1). She is a pro se Plaintiff that believed her lawyers had her best interest at heart.

Plaintiff throws herself on the mercy of the court and asks that her Honor finds in her favor and she is prepared to show the emails to this Court.

DATED: January 23, 2020

Respectfully submitted,

Plaintiff - Appellant Crista E. Noel

By_____
Pro Se by Crista E. Noel

219F. Dodge Avenue
Evanston, Illinois 60202

3

## IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CRISTA E. NOEL ) | |
| **Plaintiff-Appellant** ) | |
| ) | |
| v. ) | |
| ) | No.    1:10-cv-08188 |
| BRUNO COLTRI ) | The Honorable Judge SARA J. ELLIS |
| **Defendant - Appellee** ) | |
| ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is the attorney for Plaintiff and that she served a copy

of the foregoing on all counsel of record by causing the same to be delivered before the hour of

5:00 p.m. by electronic submission and USPS on January 23, 2020 to the following address:

    Thomas R. Weiler (Atty No. 06184955)
    John A. Masters    (Atty No. 6299434)
    LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC
    Attorneys for Defendants, the Village of Westchester and Officer Bruno Coltri
    33 North Dearborn Street – Suite 1650
    Chicago, IL 60602
    Tel: (312) 704-6700



    By_____
    Crista E. Noel
    Pro Se
    219F Dodge Avenue
    Evanston, IL 60202-3668
    January 23, 2018