## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CRSTA E. NOEL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10 C 8188 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| BRUNO COLTRI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff Crista Noel brought an action against Defendant Bruno Coltri, a police officer, after Coltri charged Noel with aggravated battery to a police officer and resisting arrest. The case proceeded to trial on Noel's malicious prosecution and equal protection claims. After the trial in December 2019, a jury found in favor of Coltri and against Noel on both claims. Noel now brings a motion for a new trial and relief from the final judgment pursuant to Federal Rules of Civil Procedure 59(a), 60(b), and 52(a) on numerous grounds. Because Noel has not shown that the jury's verdict is against the manifest weight of the evidence nor presented a viable basis for relief under Rule 60, the Court denies the motion. Additionally, Coltri filed a bill of costs, seeking payment from Noel for certain fees in this litigation. The Court issues a total cost award of $7,644.54 in favor of Coltri. Finally, Coltri moves to strike a number of statements from Noel's post-trial pleadings. Because Coltri has not shown that the statements merit this extraordinary relief, the Court denies this motion.

## ANALYSIS

### I.      Noel's Post-Trial Motion

Noel seeks various forms of relief from the Court.  First, Noel seeks relief from a final judgment under Rule 60(b).  Additionally, Noel asks that the Court grant her a new trial under Rule 59(a).  Finally, Noel requests that the Court grant her relief from its findings and conclusions under Rule 52(a).  Rule 52(a) only applies to nonjury trials, and because Noel had a jury trial, relief under Rule 52(a) is unavailable.  *Gidarisingh v. McCaughtry*, 451 F. App'x 572, 575 (7th Cir. 2011) (Rule 52(a) applies to bench trials); *see also Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018) (same).  Noel raises a number of perceived issues with the trial without linking them to a specific basis for relief.  Noel neither cites the trial record to identify the source of her claims nor explains her claims with much specificity.  Most importantly, Noel does not explain how each claim satisfies the legal standard for relief.  Nonetheless, the Court will attempt to determine the Rule that governs each claim and assess whether Noel is entitled to the relief she seeks.  Noel's brief seeks relief on the following grounds: (1) Coltri perjured himself and committed fraud on the Court; (2) the Court erred in evidentiary rulings, and Noel was unduly limited in her ability to testify; (3) Coltri and his counsel misled the jury; (4) the Court erred by admitting an audio tape; (5) new evidence supports relief; (6) Noel was treated unfairly because of her *pro se* status; and (7) Noel received ineffective assistance of counsel.

At the outset, the Court notes that Noel does not have a claim for ineffective assistance of counsel because she was a civil litigant.  *See Wolfolk v. Rivera*, 729 F.2d 1114, 1119 (7th Cir. 1984) ("The Sixth Amendment's guarantee of effective assistance of counsel does not apply in civil cases"); *see also Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 937 (7th Cir. 2020) ("[T]he assistance of a pro bono lawyer in civil litigation is a privilege."); *Dupree v. Laster*, No.

02-CV-1059-DRH, 2008 WL 5381949, at *2 (S.D. Ill. Dec. 23, 2008) ("[A] civil litigant has no claim for ineffective assistance of counsel."). Additionally, the Court rejects Noel's claim that she was treated unfairly because of her *pro se* status. This Court recruited counsel to represent Noel, and counsel diligently represented Noel through trial. Noel asserts that her *pro se* status "severely limited the outcome of a fair trial." Doc. 334 at 10. However, Noel had the benefit of representation throughout trial, so this argument is meritless. The Court will address Noel's remaining claims for relief throughout this opinion.

### A.     Rule 60(b)

Rule 60(b) permits a court to grant relief from a final judgment and identifies six grounds for such relief. However, "relief under [Rule 60(b)] has been described as 'an extraordinary remedy . . . granted only in exceptional circumstances.'" *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 886 (7th Cir. 2020) (quoting *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017)). And judgments "may not be reopened under Rule 60(b) except in compelling and extraordinary circumstances." *Id.* at 891 (quoting *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 831 (7th Cir. 1985)). The Court has significant discretion in ruling on a Rule 60(b) motion. *Censke v. United States*, 314 F.R.D. 609, 610 (N.D. Ill. 2016). Here, Noel does not identify the relevant provisions for relief, but it appears that she relies on newly discovered evidence under Rule 60(b)(2), Coltri's alleged fraud and misrepresentation under Rule 60(b)(3), and the catch-all provision in Rule 60(b)(6).

### 1.     Rule 60(b)(2)

"Relief under Rule 60 based on 'new' evidence is allowed only when the movant, using reasonable diligence, could not have discovered the evidence before judgment." *Bumphus v. UniQue Pers. Consultants*, 805 F. App'x 427, 429 (7th Cir. 2020); *see also* Fed. R. Civ. P. 60(b).

3

The only "new" evidence that Noel identifies with any specificity is an audio tape in which Coltri speaks. Noel contends that "[t]he audio tape captures Coltri calling in an 'assault' to dispatch, it also captures Westchester's dispatch changing his call for an assault to battery, and Coltri then repeating what was said." Doc. 334 at 8. Coltri responds that he produced this audio recording during discovery and it is listed on the parties' pre-trial exhibit list. *See* Doc. 338-1 at 3 (Coltri's first supplemental Rule 26(a)(1) disclosures listing police radio traffic from January 1, 2009). The parties' pre-trial exhibit list identifies "police radio traffic" from January 1, 2009, and on that list, Coltri describes it as a recording made at the time of the arrest of both parties' statements. This appears to be the same audio tape that Noel describes and therefore Noel had access to it and it cannot be "new" evidence. *Teninty v. Geren*, No. 08 C 5287, 2011 WL 2457938, at *2 (N.D. Ill. June 17, 2011) (no new evidence for purposes of Rule 60(b)(2) where plaintiff did not identify "new" evidence, as most of the documents she identified were produced during discovery); *LM Ins. Co. v. Spaulding Enters., Inc.*, No. 06 C 410, 2008 WL 11515582, at *3 (N.D. Ill. Feb. 13, 2008) (denying motion for relief under Rule 60(b)(2) where "new" evidence was in the moving party's files well before the adverse party moved for summary judgment); *see also Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1434 (7th Cir. 1996) (affirming district court's denial of plaintiff's motion for leave to file new evidence where "records were not newly discovered; they were overlooked"). Moreover, Noel does not assert that she could not have acquired this "new" evidence sooner with reasonable diligence, which is enough to deny her motion. *Bumphus*, 805 F. App'x at 429 (district court can permissibly deny a motion under Rule 60(b) absent an assertion by the moving party that it could not with diligence have acquired the new evidence sooner). Therefore, the Court denies Noel's motion for relief pursuant to new evidence.

### 2.     Rule 60(b)(3)

Under Rule 60(b)(3), a court may relieve a party from a final judgment for fraud, "misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A party seeking relief under Rule 60(b)(3) must establish fraud by clear and convincing evidence and "show that she has a meritorious claim that she was prevented from fully and fairly presenting at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758–59 (7th Cir. 2010) (internal quotation marks omitted); *see Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir. 2015). Although Rule 60(b)(3) does not "displace a judge's power to set aside a judgment for fraud on the court," *Wickens*, 620 F.3d at 759, fraud on the court refers to egregious conduct, such as "conduct that might be thought to corrupt the judicial process itself," *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997).

Here, Noel criticizes much of Coltri's testimony as fraudulent, but her arguments do not rise to an actionable level of either type of fraud. First, Noel's allegations that Coltri perjured himself do not rise to the level of fraud on the Court. *See Coburn v. Donahoe*, 406 F. App'x 50, 52 (7th Cir. 2010) (district court properly denied motion arguing that party's counsel engaged in fraud on the court by allowing witnesses to perjure themselves through testimony in part because it was not "conduct that might be thought to corrupt the judicial process itself" (citation omitted)); *Walsh v. McCain Foods Ltd.*, No. 86 C 7753, 1995 WL 443938, at *2 (N.D. Ill. July 25, 1995) (rejecting fraud on the court argument and explaining that the party "failed to object to the testimony and comments by counsel regarding [] admission during the trial" and failed to demonstrate that the verdict was obtained through fraud). Second, although Noel presents a detailed account as to why she views Coltri's testimony as problematic, she does not claim that

this testimony prevented her from fully and fairly presenting at trial. Instead, Noel seems to challenge Coltri's testimony simply for the sake of challenging it. *See, e.g.*, Doc. 334 at 4 ("It is illogical and improbable that Plaintiff would be upset because another person was receiving a ticket or upset about a ticket that did not exist."); *id.* ("Coltri has never been consistent with his testimony in regard to what Plaintiff said during their conversations."); *id.* at 3 ("In his fourth, and hopefully final story, suddenly, Plaintiff is angry about Pamela Tolbert receiving a ticket, something never mentioned in his 3 previous stories."). Without any argument from Noel as to prejudice or how this testimony prevented her from fully and fairly presenting at trial, the Court cannot find that Noel has a meritorious claim. *See Smith v. Siarnicki*, 397 F. App'x 250, 251 (7th Cir. 2010) (affirming the district court's denial of a plaintiff's Rule 60(b)(3) motion in part because the plaintiff "has not shown how the defendants' alleged fraud prevented him from fully and fairly presenting his case"); *Venson v. Altamirano*, 827 F. Supp. 2d 857, 864 (N.D. Ill. 2011) ("Rule 60(b) is aimed at judgments that were obtained unfairly; none of this testimony prevented [the plaintiff] from presenting his case 'fully and fairly.'"); *Hamm v. Ameriquest Mortg. Co.*, No. 05 C 227, 2008 WL 3849919, at *5 (N.D. Ill. Aug. 14, 2008) (denying relief under Rule 60(b)(3) where the moving party failed to show that the evidence could support relief and did not show that extraordinary circumstances existed). Accordingly, the Court denies Noel's request for relief under Rule 60(b)(3).

### 3.    Rule 60(b)(6)

Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To receive such relief, the movant must show "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986); *see also Musch*

*v. Domtar Indus., Inc.*, 587 F.3d 857, 861 (7th Cir. 2009) (movant must present evidence of "extraordinary and exceptional circumstances").

Here, Noel makes a number of claims that do not fall within any of the other enumerated grounds for relief under Rule 60(b) and therefore must fall within Rule 60(b)(6), the catch-all provision. For instance, Noel challenges the admission of an audio tape and asks the Court to reconsider a number of its rulings. None of the arguments that Noel makes rise to the level of "extraordinary circumstances." Instead, Noel seeks to re-litigate nearly her entire trial. The Court cannot identify anything within Noel's motion that suggests the underlying judgment was unjust. Noel has failed to identify "extraordinary circumstances" and the Court cannot find any upon review of her motion. Accordingly, the Court denies relief on any of the remaining bases Noel sets forth for relief under Rule 60(b).

### B.     Rule 59(a)

The Court next addresses Noel's motion for a new trial under Rule 59(a). Coltri first argues that the Court should not reach the merits of Noel's motion because it is untimely under Rule 59(b). "A motion for a new trial must be filed no later than 28 days after the entry of judgment," Fed. R. Civ. P. 59(b), and a court may not extend this deadline, Fed. R. Civ. P. 6(b)(2). *See Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 585 (7th Cir. 2012) ("[T]he district court in this case violated Federal Rule of Civil Procedure 6 by extending [the defendant's] time to file its post-trial motions beyond 28 days."); *Robinson v. City of Harvey*, No. 99 C 3696, 2003 WL 21696191, at *1 (N.D. Ill. July 21, 2003) ("[T]he time for the filing of a Rule 59 motion may not be extended."); *see also Coldwate v. Alcatel-Lucent USA,*

*Inc.*, 587 F. App'x 315, 317 (7th Cir. 2014) ("Notably, Rules 52 and 59 contain hard deadlines of 28 days from the entry of judgment.").

Here, the Court entered judgment on December 19, 2019, and Noel filed her motion on January 16, 2020. Accordingly, Noel filed her motion 28 days after the entry of judgment, and it was therefore timely. Coltri argues that the Court should instead look to the date on which the verdict was announced, December 18, 2019, as another court did in *Aponte v. Chicago*, No. 09 C 8082, 2012 WL 1533309 (N.D. Ill. Apr. 26, 2012). This argument is unpersuasive. First, the Seventh Circuit has explained that for purposes of determining whether a motion is timely, "the entry date controls." *Ogborn v. United Food & Commercial Workers Union, Local No. 881*, 305 F.3d 763, 769 (7th Cir. 2002). Second, *Aponte* determined that the court entered judgment after the jury verdict was read and the court stated "Judgment will enter on the record verdict." 2012 WL 1533309, at *2. There, the court rejected the argument that it should instead look to the date on which the parties received notice from the Court's Electronic Case Filing system ("ECF"). *Id.* Here, the trial transcript does not indicate that the Court ever indicated that judgment was entered at the end of the proceeding. Accordingly, docket entry 329, which states "entered judgment", provides the date on which the Court entered judgment. *Ogborn v. United Food & Commercial Workers Union*, Local No. 881, 305 F.3d 763, 769 (7th Cir. 2002) (differentiating between the filing and entry of judgment and explaining that the relevant date for purposes of determining whether a motion is timely). Therefore, the Court entered judgment on December 19, 2019 at 3:58 p.m. CST and Noel's motion was timely filed 28 days later.

Turning to the merits, Rule 59(a) permits a court to grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A new trial is appropriate under Rule 59(a) "if the jury's verdict is against

the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Martinez v. City of Chicago*, 900 F.3d 838, 844 (7th Cir. 2018) (citation omitted). "A verdict will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008) (quoting *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)). Further, "[j]ury verdicts deserve particular deference in cases with 'simple issues but highly disputed facts.'" *Id.* (quoting *Latino v. Kaizer*, 58 F.3d 310, 314 (7th Cir. 1995)).

Here, Noel neither demonstrates that the jury's verdict is against the manifest weight of the evidence nor that it was unfair to her. Noel makes a number of broad, conclusory assertions as to why the Court should grant a new trial; however, she does not identify these issues with specificity, cite the record, or supplement the record with any new evidence. For instance, Noel challenges a number of the Court's evidentiary rulings, including permitting an audio tape to be played to the jury and allowing testimony about her prior psychiatric treatment. Noel had an opportunity to challenge such rulings immediately after the Court made them; a motion for a new trial is an inappropriate means by which to challenge these rulings. *See Naeem v. McKesson Drug Co.*, 444 F.3d 593, 610 (7th Cir. 2006) ("When a defendant does not object to the admission of evidence during the trial, the objection is waived and cannot be raised for the first time in a motion for new trial or on appeal."); *see also Christmas v. City of Chicago*, 682 F.3d 632, 640 (7th Cir. 2012) (district court did not abuse its discretion in denying the plaintiffs' motion for a new trial where the plaintiffs did not object to specific testimony at trial).

Moreover, after independently reviewing the evidence, the Court cannot conclude that the jury's verdict is against the manifest weight of the evidence. At trial, Coltri testified that Noel bumped his chest with her body. *See* Doc. 352 at Tr. 157:19–24 (Direct Exam of Coltri). Coltri

also testified that Noel slapped him in the face, kicked him in the shins, and struck his upper torso area when he tried to arrest her. *Id.* at Tr. 159:15–20. Coltri further testified that based on her resistance, he was unable to get Noel under control during the arrest. *Id.* at Tr. 160:12–114. Noel had an opportunity to testify at trial as well. The jury was responsible for weighing this evidence and reaching a conclusion as to Noel's malicious prosecution and equal protection claims. The Court cannot conclude that the jury's conclusion is contrary to the manifest weight of the evidence.

Overall, Noel makes a number of broad assertions but fails to articulate why issues with the trial resulted in a verdict that was against the weight of the evidence or why the trial was unfair to her. The fact that the verdict was not in Noel's favor is insufficient to satisfy her burden of proof under Rule 59(a).

## II.    Coltri's Bill of Costs

Coltri filed a bill of costs as the prevailing party. "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). In exercising its discretion to award costs under Rule 54, a court evaluates the following: (1) whether the costs are recoverable; and (2) whether the costs are "reasonable and necessary to the litigation." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). 28 U.S.C. § 1920 enumerates recoverable costs under Rule 54(d).[1] *Peck v. IMC Credit Servs.*, 960 F.3d 972, 975 (7th Cir. 2020). If the prevailing party makes the relevant showing, the losing party bears the burden of demonstrating that the requested costs are inappropriate.

---

[1] The recoverable costs are: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

*Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The Court has "wide latitude" in awarding costs. *Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Here, Coltri seeks costs of $9,188.69, which include fees for service of summons and subpoenas, fees for transcripts obtained for use in the case, fees for witnesses, and the costs of making copies for use in the case. The Court will address each of requested fees in turn.

Because Noel does not challenge any of the fees with specificity or contest that they were reasonable and necessary, the Court addresses her generalized arguments at the outset. Noel argues that the Court should not award costs because the case was not frivolous, she is proceeding *in forma pauperis*, and she has moved for a new trial and protected her right to appeal. Noel's continued pursuit of this case over ten years has been frivolous. Despite a jury award against her and in favor of Coltri, Noel continues to advance unmeritorious arguments. Further, the Court has discretion as to whether to impose costs on indigent litigants, and such discretion "serves the valuable purpose[] of discouraging unmeritorious claims." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). Moreover, the Seventh Circuit has instructed that the indigent exception to Rule 54(d) is a "narrow one", and the burden is on the losing party to overcome the presumption that costs are awarded to the prevailing party. *Id.* at 636. In determining whether to hold an indigent party liable for costs, the Court must make a threshold factual finding that she is "incapable of paying the court-imposed costs at this time or in the future." *Id.* (quoting *McGill*, 18 F. 3d at 459). The losing party must provide the Court with "sufficient documentation to support such a finding," including an affidavit or other documentary evidence of income and assets, as well as a schedule of expenses. *Id.* at 635 (citation omitted). Without such documentation, the Court has no proof of the losing party's dire financial circumstances and it

limits any incentive for a litigant to portray herself as indigent. *See id.* Here, Noel has provided no documentation for the Court to evaluate and determine whether to find her liable for costs.[2] Because the burden is on Noel to provide such documentation, the Court cannot conclude that she is incapable of paying costs. *See id.* at 636–37 (district court abused its discretion in denying the prevailing party's costs because the losing party did not provide the court with a schedule of expenses or identify a basis for finding that she would be incapable of paying costs at some point in the future, even though she provided an affidavit explaining her monthly salary and assets). Therefore, the Court proceeds to evaluate Coltri's bill of costs.

### A.      Fees for Service of Summons and Subpoena[3]

Coltri request $1,244.02 in fees paid for service of summons and subpoena. This amount includes a $44.02 witness fee and mileage for Pamela Tolbert's deposition, as well as a $1,200 deposition fee for Dr. Janet Robinson. 28 U.S.C. § 1920(3) allows the Court to award costs to reimburse witnesses for their reasonable travel and lodging expenses, and 28 U.S.C. § 1821 provides for a per diem of $40.00 per day for a witness' attendance at a deposition or court hearing. *See* 28 U.S.C. § 1920(3); 28 U.S.C. § 1821(a)-(b); *State of Ill. v. Sangamo Constr. Co.*, 657 F.2d 855, 865 (7th Cir. 1981) ("[R]ecovery of fees paid to expert witnesses is limited to the statutory costs specified in 28 U.S.C. § 1821."). Here, the supporting documentation indicates that Coltri paid Tolbert $40 for appearing at the deposition and a $4.02 travel fee. The Court finds both costs reasonable and necessary to the litigation. The fees for Dr. Robinson's

---

[2] The most recent documentation the Court has regarding Noel's finances is an *in forma pauperis* application that she filed approximately two years ago. Doc. 274. This is insufficient. *Boswell v. Envoy Air, Inc.*, No. 16 C 10480, 2019 WL 2772448, at *2 (N.D. Ill. July 2, 2019) ("The mere fact that [the losing party] was granted pauper status is insufficient to meet her burden" of showing that the court should not award costs).

[3] Although Coltri labels these fees as fees for service of summons and subpoena, this is a misnomer. The relevant invoices indicate that these fees are more appropriately categorized as witness fees. However, for clarity, the Court considers them under the same label that Coltri provided.

attendance at her deposition are also limited by statute to $40 a day. *See Hacker v. United Airlines, Inc.*, No. 16 C 9708, 2019 WL 2287807, at *5 (N.D. Ill. May 29, 2019) ("Settled precedent holds that expert witness fees are not recoverable as 'costs' under § 1920, but that a $40.00 daily attendance fee, travel costs, and an overnight subsistence allowance are recoverable under § 1821."); *see also Adams v. Carlson*, 521 F.2d 168, 172 (7th Cir. 1975) (for expert witnesses, "the prevailing party can recover only the statutory amounts prescribed in § 1821 and not additional expert witness fees"). The statement of charges for Dr. Robinson's deposition indicates an hourly rate of $300 for 4 hours, totaling $1200. Coltri does not seek any travel or lodging expenses, but only seeks an appearance fee. For the reasons discussed, Coltri is only entitled to recovery of $40 for Dr. Robinson's appearance at her deposition. The Court accordingly limits relief $40 for Dr. Robinson. Overall, Coltri is only entitled to $84.02 of the fees he requests for service of summons and subpoena.

### B. Fees for Transcripts

Coltri also seeks to recover $7,528.70 in fees related to deposition transcripts and court reporter appearances. Costs for transcripts are recoverable under 28 U.S.C. § 1920(2). "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Shanklin Corp. v. Am. Packaging Mach., Inc.*, No. 95 C 1617, 2006 WL 2054382, at *2 (N.D. Ill. 2006) (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). Additionally, Local Rule 54.1(b) provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." N.D. Ill. L.R. 54.1(b); *see also Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir. 2014). The rates established by the Judicial Conference are $3.65 per page for an original transcript, $.90 per page

for a copy transcript, and $6.05 per page for a daily transcript. Transcript Rates, https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (accessed Sept. 2, 2020). Additionally, a Court may award a court reporter attendance fee in addition to the per page limit. *See* N.D. Ill. L.R. 54.1(b). "Unless another rate was previously provided by order of the Court, the court reporter attendance fee shall not exceed $110 for one half day (4 hours or less), and $220 for a full day attendance fee." Transcript Rates, https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (accessed Sept. 2, 2020); *see also Hacker*, No. 16 C 9708, 2019 WL 2287807, at *4.

Here, all of deposition transcripts were charged at a rate less than $3.65 per page except the transcript of the deposition of Janet Robinson, which was billed at $3.75 per page. Coltri has not provided any reason as to why this additional cost was justified. Because this impermissibly exceeds the regular copy rate by $0.10 and the transcript was 197 pages, the Court reduces Coltri's request by $19.70. *See Gecker as Tr. for Collins v. Menard, Inc.*, No. 16 C 50153, 2020 WL 1077695, at *3 (N.D. Ill. Mar. 6, 2020) ("It is within the Court's discretion to reduce the per-page rate of a deposition transcript in order to comply with Local Rule 54.1, especially where [the party seeking costs] offers no explanation for the excessive cost.").

Coltri also seeks costs associated with court reporter appearances at depositions. Coltri requests the following court reporter appearance fees for depositions: $250 for the first deposition of Noel; $312.50 for the deposition of Tolbert; $120 for the half-day deposition of Dr. Suzanne Greider; $106.25 for the second half-day deposition of Noel; and $286.25[4] for the deposition of Dr. Robinson. These charges exceed Local Rule 54.1's attendance fees by

---

[4] Coltri lists this amount as $286.25 in his spreadsheet delineating the recoverable costs, Doc. 332-1 at 1; however, the relevant invoice indicates that the cost of the court reporter's appearance was $261.25. Doc. 332-2 at 14. This error is perhaps immaterial since both amounts exceed $220.

$198.75.[5]  The Court reduces the appearance fees by that amount because Coltri does not explain why it was reasonable and necessary that the court reporter appearance fees exceed the amounts indicated in the local rules.

Finally, Coltri seeks costs for delivery and handling of the deposition transcripts. Although such costs are not specifically mentioned in § 1920, the Seventh Circuit has upheld delivery charges of transcripts as reasonable.  *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995).  Here, Coltri seeks delivery fees between $7.50 and $10 for each deposition transcript.  One outlier is delivery of the transcript of the second deposition of Noel, for which Coltri seeks $175.60.  The invoice indicates that $165.60 of this charge is due to next-day delivery.  Coltri has not explained why next-day delivery was necessary, and the Court does not view this as a reasonable expense and therefore reduces transcript delivery fees by $165.60.  *See Hillmann v. City of Chicago*, No. 04 C 6671, 2017 WL 3521098, at *4 n.5 (N.D. Ill. Aug. 16, 2017) (declining to award deposition transcript delivery costs and noting that it was not persuaded that delivery by courier was necessary); *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, No. 13 C 321, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016) ("[C]osts associated with delivering, shipping, or handling transcripts are typically non-recoverable ordinary business expenses.").  Overall, based on the three reductions listed above, totaling $384.05, the Court awards costs of $7,144.65 for deposition transcripts and court reporter appearances.

---

[5] The differences between the requested court reporter appearance fees and the local rule's fees of $220 for a full-day appearance and $110 for a half-day appearance are as follows: $30 for the first deposition of Noel; $92.50 for the deposition of Tolbert; $10 for the deposition of Dr. Greider; and $66.25 for the deposition of Dr. Robinson.

### C.      Witness Fees

Coltri next seeks to recover $192.37 in witness fees for trial appearances, including $44.77 for Tolbert, $54.72 for Dr. Robinson, $45.34 for Joseph A. Hodal, and $47.54 for Dr. Greider. Based on the invoices provided, Coltri made these payments in advance of any witness appearances, and all of those witnesses except Dr. Greider testified at trial. As discussed, § 1920(3) allows the Court to award costs to reimburse witnesses for their reasonable travel and lodging expenses, and § 1821 provides for a per diem of $40.00 per day for a witness' attendance at a deposition or court hearing. *See* 28 U.S.C. § 1920(3); 28 U.S.C. § 1821(a)-(b). Here, the invoices indicate that Coltri provided $40 per witness appearance, and a variable amount based on travel expenses. The Court concludes that advance witness expenses between approximately $45 and $55 were reasonable and necessary to the litigation. *See Ayala v. Rosales*, No. 13-CV-04425, 2016 WL 2659553, at *5 (N.D. Ill. May 9, 2016) (finding advance witness fees of $50.88 per witness reasonable); *Dishman v. Cleary*, 279 F.R.D. 460, 466 (N.D. Ill. 2012) (finding advance witness fees between $40 and $51.95 reasonable "in light of the statutory maximum and small allowances for travel expenses"). Based on the evidence provided, the Court finds that Coltri is entitled to witness fees for Tolbert, Dr. Robinson, and Hodel. Although Dr. Greider did not testify at trial, Coltri is entitled to fees for her attendance at trial because her attendance was reasonably expected to be necessary. *Huerta v. Vill. of Carol Stream*, No. 09 C 1492, 2013 WL 427140, at *4 (N.D. Ill. Feb. 4, 2013) ("Witness fees for a witness who did not testify at trial may be reimbursed if that witness's attendance was reasonably expected to be necessary, and if that witness was ready to testify." (citing *Haroco, Inc. v. Am. Nat'l Bank and Trust Co. of Chi.*, 38 F.3d 1429, 1442 (7th Cir. 1994))). Noel disclosed Dr. Greider as a trial witness, suggesting

her testimony would be necessary.  *See id.*  Accordingly, the Court finds that Coltri is entitled to the witness fees requested.

### D.    Copying Expenses

Finally, Coltri seeks $223.50 for copying expenses.  Section 1920(3) permits a prevailing party to seek reimbursement for "fees and disbursements for printing and witnesses."  28 U.S.C. § 1920(3).  The spreadsheet itemizing this expense includes the following cost breakdown: $40 for service of a subpoena requesting medical records from Dr. Greider, a $125.00 fee for medical records from Dr. Greider, and a $58.50 fee for medical records from Dr. Robinson.

The first expense is not a copying expense, but instead is a fee for service.  Fees of the clerk and marshal are recoverable under 28 U.S.C. § 1920(1), which includes fees for service of summons and subpoena.  A prevailing party may also recover such costs paid to a private process server, so long as they do not exceed the marshal's fee.  *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996).  The fee for personal service by the U.S. Marshal's Service is $65.00 per hour "plus travel costs and any other out-of-pocket expenses."  28 C.F.R. § 0.114(a)(3).  Because the process service fee is less than that amount, the Court concludes it is reasonable.  Next, the fees for medical records from Dr. Suzanne Greider and Dr. Janet Robinson correspond to invoices from those individuals to provide copies of Noel's medical records.  The Court finds $125 and $58.50 to be reasonable fees for such services and concludes Coltri is entitled to relief.  *See Carlson v. Bukovic*, No. 07 C 06, 2009 WL 2448603, at *4 (N.D. Ill. Aug. 7, 2009) (expense for obtaining a plaintiff's medical records from the hospital was reasonable and necessary); *Ochana v. Flores*, 206 F. Supp. 2d 941, 947 (N.D. Ill. 2002) (awarding costs for copying medical

records); *see also Dishman*, 279 F.R.D. at 467 ("[F]ees for subpoenaing medical records are allowable.").

Overall, the Court reduces Coltri's request for $9,188.59 in costs by $1,544.05 (a reduction of $1,160 in fees paid for service of summons and subpoena, and $384.05 in fees related to deposition transcripts and court reporter appearances), resulting in a total cost award of $7,644.54.

### III.    Coltri's Motion to Strike

Finally, Coltri moves to strike Noel's accusations of harassment and bullying against Coltri and his counsel from her post-trial pleadings.  Rule 12(f) authorizes the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Rule 12(f) motions are generally disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic."  *Riemer v. Chase Bank*, N.A., 275 F.R.D. 492, 494 (N.D. Ill. 2011) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)).  The moving party "has the burden of showing that the 'challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'"  *E & J Gallo Winery v. Morand Bros. Bev. Co.*, 247 F. Supp. 2d 979, 982 (N.D. Ill. 2003) (quoting *Carroll v. Chicago Transit Auth.*, No. 01 C 8300, 2002 WL 20664, at *1 (N.D. Ill. Feb. 8, 2002)).  A court may strike allegations as scandalous "if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."  *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d

654, 664–65 (7th Cir. 1992). The decision whether to strike material as scandalous is within the Court's discretion. *Id.* at 665.

Here, Coltri asks that the Court strike a number of statements, including that defense counsel maliciously inflamed the jury, planned a strategy to commit fraud upon the court, obstructed justice, slandered Noel, committed fraud and collusion, and used racial connotations in the closing statement. Doc. 360 at 3. The Court concludes that Coltri has failed to show that these statements are unrelated to Noel's claims or unduly prejudicial. Many of these statements relate to Noel's motion for relief under Rule 60(b) and the Court therefore cannot conclude that they are unrelated to the underlying matter. Further, Coltri requests that the Court strike Noel's allegations that she was "victim blamed, shamed and slandered" throughout trial and that defense counsel "psychologically manipulate[ed]" the jury. *Id.* Again, the Court concludes that Coltri has not met the requisite burden to strike these statements. Additionally, Coltri requests that the Court strike Noel's accusation that he perjured himself. At the same time, Coltri suggests that Noel is the only party who has demonstrably perjured herself. The Court already rejected Noel's claim that Coltri committed fraud. The Court concludes it is unnecessary to strike Noel's accusation that Coltri perjured himself, especially where Coltri makes the same accusation against Noel a sentence later. *See Summerville v. Local 77, Am. Fed'n of State, Cty. & Mun. Emps.*, No. 1:05CV00101, 2006 WL 1932657, at *5 (M.D.N.C. July 11, 2006) (rejecting motion to strike allegation that defense counsel committed perjury in part because it was in the text of the motion and did not state a claim for perjury or wrongdoing). The Court notes that striking a portion of a pleading is a drastic remedy and Noel should not read this to suggest that there is any basis to her argument that Coltri perjured himself or that such statements are justified in future pleadings. Overall, the Court denies Coltri's motion to strike.

19

## CONCLUSION

The Court denies Noel's motion for a new trial and relief from final judgment [334]. The Court awards Coltri costs of $7,644.54 [332] and therefore denies Noel's motion challenging the fees [336]. The Court denies Coltri's motion to strike [360].[6]

Dated: September 14, 2020

SARA L. ELLIS
United States District Judge

---

[6] For the sake of clarity, the Court also enters the following rulings on the docket. The Court denies Noel's motion for extension of time under Rules 6 and 60 [340] as moot and instead addresses the timeliness of her filings in this opinion. The Court denies Noel's motion to amend [355] and instead treats it as a reply brief in support of her motion for a new trial. The Court also denies Noel's motion to amend [357] and treats it as a reply brief addressing the bill of costs.